**No. 50908.**—Suit 4515.—
—*United States* v. *Fibre Making Processes,*
*Inc.* C. D. 920 reversed January 7, 1946. C. A. D. 323.

**No. 50909.**—Suit 4519.——*United States* v. *Gardel*
*Industries.* Abstract 50247 reversed January 7, 1946. C. A. D. 325.

BEFORE THE FIRST DIVISION, FEBRUARY 27, 1946

**No. 50910.**—Protest 89623–K of Hoyt Shepston & Sciaroni (San Francisco).

Opinion by OLIVER, P. J. When the case was called for trial plaintiff's counsel produced two bottles which were marked for identification but were not received in evidence due to the fact that the witnesses were unable to state definitely that they were taken from the importation in question or to identify them as exactly like the imported bottles. At the adjourned hearing, plaintiff's counsel introduced no further testimony as to the admissibility of the exhibits for identification, but formally offered them in evidence, stating that he was unable to obtain samples from the importation in question. The court was of the opinion that these bottles were not admissible as exhibits. On the record it was held that plaintiff had not met the burden which rested upon it of proving that the action of the collector was wrong and that its claim was right. The protest was therefore overruled.

**No. 50911.**—Protests 110765–K, etc., of Thorens Importing Co. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50912.**—Protest 25325–K of Tuck High & Co. (New York).

Opinion by MOLLISON, J. At the trial a Government chemist testified that he found the sample to be composed of a synthetic phenolic resin, colored with a small amount of white pigment, and that in his opinion the synthetic phenolic resin was not a binding agent in the article. The case was submitted for decision, counsel for the plaintiff citing Abstract 49907. Following Abstract 50728, it was held that the merchandise is properly dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50913.**—Protest 102872–K of C. H. Pearson & Son Hardwood Co., Inc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the flitches are similar in all material respects to those the subject of *United States* v. *Dixie Veneer Co., Inc.* (32 C. C. P. A. 75, C. A. D. 288), the claim for entry free of the tax or duties imposed under the provisions of section 3424 was sustained.