**No. 54617.**—Quong Hing v. United States, protest 80269–K (New York).

Mollison, Judge: The merchandise the subject of this protest is described on the invoice as "Celluloid Chopstick" and was assessed with duty at the rate of 50 cents per pound and 40 per centum ad valorem under the provisions of paragraph 1539 (b) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1539 (b)), which, so far as pertinent, read as follows:

Par. 1539. * * *

(b) Laminated products * * *; manufactures wholly or in chief value of any of the foregoing, or of any other product of which any synthetic resin or resin-like substance is the chief binding agent, * * *.

The protest claim is for duty at the rate of 20 per centum ad valorem under either the nonenumerated manufactured articles provision in paragraph 1558 of the same act, or the provision for manufactures of amber or wax in paragraph 1536.

When the protest was called for trial counsel for the plaintiff called to the stand a chemist employed in the United States Customs Laboratory at New York who had made an analysis of a sample of the merchandise in question. The witness testified that analysis of the sample showed that it was composed of synthetic phenolic resin with a little coloring matter; that the synthetic phenolic resin did not in any way act as a binding agent; and that except for the small amount of coloring matter the article was wholly made of synthetic resin.

The chemist's report, corroborating his testimony, was offered and received in evidence without objection as plaintiff's exhibit 1, and the records in the following cases were, on motion of plaintiff's counsel to which no objection was made, incorporated as part of the record in this case: *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *Mimosa American Corp.* v. *United States*, 15 Cust. Ct. 338, Abstract 50728; and *Tuck High & Co.* v. *United States*, 16 Cust. Ct. 230, Abstract 50912.

Those cases related to various items of imported merchandise, including mah jong sets, exposure meters, and playing cards, all composed in chief value of synthetic resin, not laminated nor made of laminated products, and in which the synthetic resin did not act as a binding agent. It was there held that in view of these facts the merchandise was excluded from classification under paragraph 1539 (b) of the Tariff Act of 1930, and, as there is no provision for manufactures composed wholly or in chief value of synthetic resin, either directly or by similitude, that it was properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the tariff act for nonenumerated manufactured articles.

The protest claim for duty at the rate of 20 per centum under paragraph 1558 is therefore sustained as to the merchandise described on the invoice as "Celluloid Chopstick," and judgment will issue accordingly.