**No. 54618.**—J. Jolles Studios, Inc. *v.* United States, protest 4733–K (New York).

Mollison, Judge: The merchandise the subject of this protest consists of webs formed by cotton thread and beads of polystyrene. Duty was assessed thereon by the collector of customs at the rate of 50 cents per pound and 40 per centum ad valorem under the provisions of paragraph 1539 (b) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 1539 (b)), which, so far as pertinent, read as follows:

Par. 1539. * * *

(b) Laminated products * * * of which any synthetic resin or resin-like substance is the chief binding agent * * * ; manufactures wholly or in chief value of any of the foregoing, or of any other product of which any synthetic resin or resin-like substance is the chief binding agent, * * *.

The protest claim is for duty at the rate of 20 percent ad valorem under the provision for nonenumerated manufactured articles in paragraph 1558 of the said act.

At the trial of the issue plaintiff's counsel called to the stand a chemist employed in the United States Customs Laboratory at New York who had made a quantitative and qualitative analysis of representative samples of the merchandise. The testimony of the chemist and his report, which was received in evidence without objection as plaintiff's exhibit 3, establish that the articles consist of webs formed of cotton thread and beads of colored polystyrene, which is a synthetic resin, and that they are not laminated products nor made of laminated products.

On the question of whether the imported webs are classifiable under the foregoing provision of paragraph 1539 (b) for "manufactures * * * of any other product of which any synthetic resin or resin-like substance is the chief binding agent," we are of the opinion that the evidence tends to support, rather than to contradict, the classification made by the collector.

The testimony on this phase of the matter reads as follows:

X Q. Does the colored polystyrene resin act as a binding agent of any kind in this merchandise?—A. The threads passing through it form a web. It is binding the cotton threads to form a web, but the plastic has nothing in it, but the threads going through it form the web.

X Q. If this colored polystyrene resin didn't act as a binding agent, what would happen to the web?—A. The web would disintegrate as the cohesive would be gone.

JUDGE MOLLISON: But the threads would not disintegrate as threads?

WITNESS: No.

X Q. Using Exhibits #1 and #2 [the representative samples] will you demon-- strate the function of the colored polystyrene in acting as a binder?—A. The polystyrene beads form a web by means of the cotton threads passing from one to another; in that respect, the plastic does serve to bind the threads into the web pattern.

CHIEF JUDGE OLIVER: These little square beads are made of synthetic resin?

WITNESS: Yes, wholly made of synthetic resin.

CHIEF JUDGE OLIVER: And the items which are made wholly of synthetic resin are held together in the form as we see them in these exhibits by the cotton threads passing through them?

WITNESS: Yes.

CHIEF JUDGE OLIVER: So if you took the cotton threads out, you would have a mass of these little squares, these little beads which are made wholly of synthetic resin, is that right?

WITNESS: Yes. (R. pp. 9–11.)

On motion of plaintiff's counsel, to which no objection was made, the records in the following cases were incorporated as part of the record in the case at bar: *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *Mimosa American Corp.* v. *United States*, 15 Cust. Ct. 338, Abstract 50728; and *Tuck High & Co.* v. *United States*, 16 Cust. Ct. 230, Abstract 50912. Those cases related to various items of imported merchandise, including mah jong sets, exposure meters, and playing cards, all composed in chief value of synthetic resin, not laminated nor made of laminated products, and in which the synthetic resin did not act as a binding agent. It was there held that in view of these facts the merchandise was excluded from classification under paragraph 1539 (b) of the Tariff Act of 1930, and, as there is no provision for manufactures composed wholly or in chief value of synthetic resin, either directly or by similitude, that it was properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the tariff act for nonenumerated manufactured articles.

It was not established in the case at bar, as it was in the incorporated cases, that the merchandise is composed wholly or in chief value of synthetic resin. For all the record shows, the cotton threads may be the component material of chief value in the article. Further, in the incorporated cases it appeared that the synthetic resin did not act as a binding agent, while in the case at bar it has been established that the synthetic resin beads bind the threads into the web pattern.

On the record before us we are constrained to hold that the presumption of correctness attaching to the collector's classification has not been overcome by the proof offered, and judgment will therefore issue overruling the protest accordingly.