(C. D. 1369)

RICHARD CRITTALL RADIANT HEATING CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 7, 1951)

*Barnes, Richardson & Colburn* (*Edward N. Glad* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of this protest consists of panels, in a partly finished condition, used in radiant heating. A sample of the imported merchandise is before us as exhibit 1, and its description and construction are as follows: It is a panel 3 feet long by 2 feet wide, and approximately ¼ inch thick, having beveled edges and rounded corners. The panel consists of three layers of a material described as "resin-bound asbestos with a wood filler." On each side of the center layer is affixed an electrical element consisting of a wire having an electrical resistance calculated to warm up and give off heat, but not to glow, when connected to a source of electricity. These wires terminate in two metal-bound holes to which further electrical parts are joined after importation. The two outer layers are bound to the center layer by a film of what the single witness who testified called "glue," and the whole is pressed together under heat to form a single unit.

Paragraph 1539 (b) of the Tariff Act of 1930, as originally enacted, read as follows:

PAR. 1539. * * *

(b) Laminated products (whether or not provided for elsewhere in this Act) of which any synthetic resin or resin-like substance is the chief binding agent, in sheets or plates, 25 cents per pound and 30 per centum ad valorem; in rods, tubes, blocks, strips, blanks, or other forms, 50 cents per pound and 40 per centum ad valorem; manufactures wholly or in chief value of any of the foregoing, or of any other product of which any synthetic resin or resin-like substance is the chief binding agent, 50 cents per pound and 40 per centum ad valorem.

The collector of customs classified the panels in question as manufactures of laminated products under the foregoing provisions, and assessed duty thereon at the rate of 50 cents per pound and 40 per centum ad valorem. The protest of the importer makes several alternative claims, and, while none are abandoned, chief reliance is placed in the claim that the panels in their condition as imported are properly classifiable as laminated products of which a synthetic resin or resin-like substance is the chief binding agent, in sheets or plates, under the first provision in paragraph 1539 (b), *supra*, at the rates provided in the modification thereof by the Presidential proclamation reported in T. D. 47020, viz, 15 cents per pound and 25 per centum ad valorem.

Although there has been no express concession by counsel for either party, it appears to be undisputed, by reason of the contentions of the parties, (1) that the articles were made by laminating the layers of resin-bound and wood filler material, and (2) that the binding agent holding the laminations or layers together is a synthetic resin or resin-like substance.

It appears from the testimony offered on behalf of the plaintiff at the trial by the consulting engineer of the importing corporation that in their imported condition the panels are not suitable for use and must have further electrical parts added, as well as legs and a handle, and the surfaces must be decorated.

Against the collector's classification the plaintiff contends that the articles in question are not *manufactures of* laminated products, because they never had any existence as laminated products prior to being made in the form and condition as imported. Concerning this contention, counsel for the defendant states in the brief filed in its behalf:

There seems to be ample authority in the law to support such a contention.

Neither counsel for the plaintiff nor for the defendant have cited any authority for the foregoing, but it would appear to be based upon the rule as to preexisting material stated in *Cohn & Lewis* v. *United States*, 25 C. C. P. A. 220, T. D. 49335, at page 225, and the cases there cited. It therefore appears to have been demonstrated that the classification of the merchandise made by the collector was erroneous.

On the affirmative side of its case, the plaintiff contends that in its imported condition the article at bar is nothing more than a laminated product the binding agent of which is a synthetic resin, which product is in the form of a sheet or plate. Against this contention, counsel for the defendant argues that the panels in question are "something more than mere sheets or plates of laminated resin-bound asbestos sheets" for the reason that "The incorporation of the electricity resistant wire which will produce heat when properly connected to

an electric. current produces a manufactured article which is more than a laminated product."

It is apparently the defendant's theory that the provision for laminated products under which the plaintiff claims is restricted to such laminated products as consist solely of layers of material bound together by certain binding agents. While it is true that such products are obviously within the scope of the provision, nevertheless, a consideration of the language used in the provision is convincing that it is not restricted solely to products of that description.

One sense of the verb "to laminate" appears to be—

To cover or construct with laminae; * * * (Webster's New International Dictionary, 2d ed., 1945.)

i. e., to *cover* or construct with layers, and this appears to be the sense in which the word "laminated" is used in the tariff act provision. In the case of the panels at bar, the electrical resistance wire is covered with layers of resin-bound asbestos and wood filler material, and we think the product is within the purview of the provision equally with such products as are constructed entirely of layers of material.

The provision under which plaintiff claims has three requirements for classification thereunder: (1) The product must be a laminated product, (2) the chief binding agent of the product must be any synthetic resin or resin-like substance, and (3) it must be in the form of sheets or plates. It has been shown hereinbefore that the panels in question meet requirements (1) and (2). That they likewise meet requirement (3), i. e., are in the form of sheets, is apparent from an inspection of exhibit 1 in the light of the common meaning of the term "sheet." In general, according to Webster's New International Dictionary, 2d ed., 1945, a sheet is "a piece of anything, or an extent of some substance, that is usually very thin in relation to its length and breadth." The panels at bar are approximately ¼ of an inch in thickness and 3 feet long by 2 feet wide. They are, therefore, in form, sheets within the meaning of the term as used in paragraph 1539 (b), *supra.*

Counsel for the defendant, however, urges the following:

In the case at bar, the panels are produced from three sheets of resin-bound asbestos with a wood filler. There can be no question that in these sheets themselves resin is the chief binding agent. Therefore, it necessarily follows that the imported panels are manufactures of products (the three sheets) of which synthetic resin is the chief binding agent.

The provision under which defendant suggests classification is for "manufactures wholly or in chief value * * * of any other product [than laminated products] of which any synthetic resin or resin-like substance is the chief binding agent." The burden was on the defendant, seeking a classification other than that made by the col-

lector, to establish all the facts necessary thereto, and, assuming, *arguendo*, that the sheets of resin-bound asbestos and wood filler are products of which a synthetic resin or resin-like substance is the chief binding agent, it nowhere appears that the panels in issue are in chief value of such sheets. Furthermore, it is noted that even if the provision under which defendant claims were shown to be applicable to the panels in issue, nevertheless, the provision under which plaintiff claims which, as shown hereinbefore, is applicable thereto, would control in view of the fact that the clause "whether or not provided for elsewhere in this Act" follows the description "laminated products," thus indicating the congressional intent to give precedence in classification to articles embraced within the laminated products provision even though provided for elsewhere in the tariff act.

Judgment will therefore issue sustaining the protest claim for duty at the rate of 15 cents per pound and 25 per centum ad valorem under the provisions of paragraph 1539 (b), as modified by the Presidential proclamation reported in T. D. 47020.