BEFORE THE FIRST DIVISION, MARCH 13, 1952

**No. 56471.**—J. Jolles Studios, Inc. *v.* United States, protest 4733–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest consists of webs formed by cotton thread and beads of polystyrene upon which duty was assessed at the rate of 50 cents per pound and 40 percent ad valorem under the provisions of paragraph 1539 (b) of the Tariff Act of 1930. The said subparagraph provides, in general, for three types of merchandise:

(1) Laminated products of which any synthetic resin or resin-like substance is the chief binding agent.

(2) Manufactures wholly or in chief value of any of the foregoing.

(3) Manufactures of any other product of which any synthetic resin or resin-like substance is the chief binding agent.

The protest claim is for duty at the rate of 20 percent ad valorem under the nonenumerated manufactured articles clause in paragraph 1558 of the same act.

At the trial it was established that the merchandise was not a laminated product nor made of laminated products. There was evidence that the polystyrene beads were wholly made of synthetic resin and that the beads held the cotton threads together to form the web, which was the imported article. Upon motion of plaintiff's counsel, the records in the following cases were incorporated as part of the record herein, without objection: *Fan Co. et al.* v. *United States*, 14 Cust. Ct. 180, Abstract 49907; *Mimosa American Corp.* v. *United States*, 15 Cust. Ct. 338, Abstract 50728; and *Tuck High & Co.* v. *United States*, 16 Cust. Ct. 230, Abstract 50912.

Upon the record so made, this court in a decision reported in 25 Cust. Ct. 258, Abstract 54618, rendered judgment in favor of the defendant for the following reasons:

\* \* \* Those [incorporated] cases related to various items of imported merchandise, including mah jong sets, exposure meters, and playing cards, all composed in chief value of synthetic resin, not laminated nor made of laminated products, and in which the synthetic resin did not act as a binding agent. It was there held that in view of these facts the merchandise was excluded from classification under paragraph 1539(b) of the Tariff Act of 1930, and, as there is no provision for manufactures composed wholly or in chief value of synthetic resin, either directly or by similitude, that it was properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the tariff act for nonenumerated manufactured articles.

It was not established in the case at bar, as it was in the incorporated cases, that the merchandise is composed wholly or in chief value of synthetic resin. For all the record shows, the cotton threads may be the component material of chief value in the article. Further, in the incorporated cases it appeared that the synthetic resin did not act as a binding agent, while in the case at bar it has been established that the synthetic resin beads bind the threads into the web pattern.

On the record before us we are constrained to hold that the presumption of correctness attaching to the collector's classification has not been overcome by the proof offered, and judgment will therefore issue overruling the protest accordingly.

A motion for rehearing was timely filed on behalf of the plaintiff, which was unopposed by the defendant, and the same was granted. When the case was again called for trial counsel for the parties stipulated in open court that the component material of chief value of the involved merchandise was synthetic resin. The case was then submitted for decision, time being allowed for the filing of briefs.

In the brief filed on behalf of the plaintiff it is urged that the action of the resin beads in holding the threads together to form the web is not a "binding" action, and from certain selected definitions from Webster's New International Dictionary, 2d edition, 1936, of the words "bind," "binder," and "binding," and a reference to part of the legislative history of the provision, cited and quoted in the brief, it is obviously plaintiff's view that the term "binding" as used in paragraph 1539 (b) has reference to an action of cohesion as distinguished from an action of adhesion. Plaintiff argues that the term "binding" as used in the subparagraph refers to the uniting of the ingredients of a mass, as in the case of products made by molding, wherein the binding agent and the ingredients lose their identity as such, rather than the uniting of two or more substances, bodies, or things, wherein the united materials retain their identity, as in the case of cotton threads and resin beads which are united to form the webs at bar.

That the term "chief binding agent" as it appears in the paragraph has reference to adhesive, as well as cohesive, action is apparent from the fact that the term is used in the first clause of the subparagraph as follows:

Laminated products \* \* \* of which any synthetic resin or resin-like substance is the chief binding agent \* \* \*.

Obviously, in its use in laminated products as a binding agent, synthetic resin unites or joins two or more sheets or lamina together by adhesion, rather than cohesion.

However, we observe that the provision in question is for "manufactures \* \* \* of any other product [than laminated products] of which any synthetic resin or resin-like substance is the chief binding agent." In the recent case of *Richard Crittall Radiant Heating Corp.* v. *United States*, 27 Cust. Ct. 193, C. D. 1369, we had occasion to consider this provision of the law, and we there noted that the provision is for *manufactures* made from *products*, in which products

any synthetic resin or resin-like substance is the chief binding agent. In the case of the merchandise at bar, the *web* is the *product* in which the synthetic resin is the chief binding agent, but the imported article has not been further manufactured than the production of the web itself.

We therefore hold that the plaintiff has established that the merchandise is not dutiable under paragraph 1539 (b), as classified by the collector, and, following the authority of the cited and incorporated cases, that it is properly dutiable at the rate of 20 percent ad valorem under paragraph 1558 as claimed.

Judgment will therefore issue accordingly.