(C. D. 1582)

J. E. BERNARD & COMPANY, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 3, 1954)

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Edward N. Glad* and *Joseph Schwartz* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General (*William J. Vitale* and *John J. Antus,* special attorneys), for the defendant.

Before OLIVER and MOLLISON, Judges

MOLLISON, Judge: The merchandise the subject of this protest consists of certain agitators, composed of Bakelite, used in washing machines. Duty was assessed thereon at the rate of 35 cents per pound and 30 per centum ad valorem under the provision in paragraph 1539 (b) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, reported in T. D. 51802, for—

Manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, * * * .

The plaintiff does not deny that Bakelite is a product of which synthetic resin is the chief binding agent. It does contend, however, that the synthetic resin which is contained in the Bakelite agitators in question became a binding agent only at the time when the agitators

were manufactured into the condition in which imported, and that under the so-called "preexisting material doctrine," applicable to tariff provisions for "manufactures of" materials, the agitators were, therefore, not manufactured of a product of which synthetic resin was the chief binding agent which product had a preexistence as such before being manufactured into the imported article.

The plaintiff, therefore, contends that the provisions of paragraph 1539 (b), *supra*, are not applicable to the merchandise at bar, and that it is properly dutiable either at 20 per centum ad valorem under the nonenumerated manufactured articles provision in paragraph 1558, or at 17½ per centum ad valorem under paragraph 353 of the said act, as modified by the General Agreement on Tariffs and Trade, by virtue of the similitude clause in paragraph 1559, as parts of washing machines.

The evidence as to the method of production of the imported articles, we think, clearly establishes the plaintiff's contention as to the inapplicability of paragraph 1539 (b) to the merchandise at bar.

According to the uncontradicted evidence, a molding compound, consisting basically of synthetic phenolic resin and finely ground cotton linters, is purchased in powder form by the exporter herein from the manufacturer of such compounds. For convenience in molding, the exporter first weighs out the amount of powder necessary to mold one agitator and makes three so-called "pellets" therefrom by placing the powder in a mold at room temperature and applying a pressure of approximately 20 tons. Samples of the "pellets," received in evidence without objection as plaintiff's illustrative exhibit 4, show them actually to be disks, approximately 4½ inches in diameter by 2 inches thick, weighing approximately 1½ pounds each and composed of a black, crumbly substance.

According to plaintiff's witness Watson, a thermosetting engineer, the synthetic resin in the pellet does not bind it together, and the only force or agency holding the pellet together is the force of cohesion resulting from the 20-ton pressure applied to form the pellet. If the pellet were dropped to the floor, it would break, he said, or it could be crumbled in the hands, thus demonstrating that the synthetic resin was not acting as a binding agent at this point.

The mold for the agitators consists of two pieces of formed steel, one piece having the contours of the outside of the agitator, the other having the contours of the inside. Mr. Watson described the actual molding operation as follows:

* * * That mold is heated at temperatures of approximately 300 degrees Fahrenheit and is operated under pressures of approximately 300 tons. Now, one pellet is broken and is put down into the small portion of that mold which forms the top uppermost portion of the agitator right in there; the other two pellets which are in the box are set directly over that; just placed on top of it.

The mold closes. The male portion comes down on to that material. The pellets break and the mold continues to close up. As the mold closes and that heat and pressure is applied to the material, the material takes the form of a molten mass; it might be described similar to molasses. It flows into the various corners and crevices of the mold and the mold is held there for a period of four minutes while that material is allowed to cure where the chemical reaction of the heat and the pressure on the material turns it into a solid homogeneous mass. (Tr. p. 29.)

According to the witness, it is as a result of that heat and pressure that the synthetic resin becomes the binding agent in the agitator. The gist of this witness' testimony is, therefore, that at room temperature and a pressure of 20 tons the synthetic resin does not act as a binding agent, whereas, at a temperature of 300 degrees Fahrenheit and 300 tons pressure it does act as a binding agent and is the chief binding agent in the resultant product.

None of the foregoing evidence is contradicted. The evidence offered on behalf of the defendant consists of the report of the customs laboratory concerning the analysis of one of the imported agitators, which report states that it "is composed of Bakelite, a material in which a synthetic resin is the chief binding agent."

We are satisfied that the bakelite, as such, was made at the time the agitators were made and had no previous existence in a form in which any synthetic resin or resin-like substance was the chief binding agent. Under the preexisting material doctrine stated in *Cohn & Lewis* v. *United States*, 25 C. C. P. A. (Customs) 220, T. D. 49335, as follows:

* * * the language "made of" or "manufactured of" presupposes that the material of which the article is made or manufactured exists before the article itself comes into existence.

the agitators at bar were not, therefore, manufactures wholly or in chief value of a product of which any synthetic resin or resin-like substance was the chief binding agent, and the collector's classification under that provision of law was incorrect. See *J. Jolles Studios, Inc.* v. *United States*, 28 Cust. Ct. 423, Abstract 56471, and case therein cited.

Having determined that the agitators at bar do not take classification under paragraph 1539 (b), *supra*, our next inquiry must be to determine whether the evidence supports classification under another provision of the tariff act. As hereinbefore noted, plaintiff contends that the agitators are properly dutiable under the provisions of paragraph 353, as modified, of the said act by similitude under paragraph 1559 to the "parts, * * * wholly or in chief value of metal, not specially provided for," of "articles having as an essential feature an electrical element or device, such as * * * washing machines" therein provided for. Alternatively, claim is made for classification under the catchall nonenumerated manufactured articles provision in paragraph 1558.

It is well settled that resort must be had to the similitude clause before considering the applicability of the nonenumerated manufactured articles provision. On this point, in *Isler & Guye* v. *United States*, 11 Ct. Cust. Appls. 340, T. D. 39146, it was said:

According to a well-established rule, the "similitude" provisions of the tariff act take precedence over the "nonenumerated" provisions. Therefore, if a given importation does not respond directly to any of the dutiable enumerations of the act, but nevertheless is capable of classification thereunder because of a similitude of material, quality, texture, or use, duty should be assessed according to that similitude, rather than under the provision for nonenumerated articles.

So far as pertinent, the provisions of paragraph 353, as modified, read as follows:

* * * articles having as an essential feature an electrical element or device, such as electric * * * washing machines * * * wholly or in chief value of metal * * *, 17½% ad val.

Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part _____ The same rate of duty as the articles of which they are parts.

The similitude clause in paragraph 1559 of the tariff act reads as follows:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

In essence, it is the contention of the plaintiff that the Bakelite agitators at bar are dutiable under paragraph 353, as modified, by similitude of use to the parts, wholly or in chief value of metal, of electric washing machines, wholly or in chief value of metal, therein provided for.

It was established by uncontradicted evidence that the agitators at bar are used as parts of washing machines so designed that they cannot be operated by other than electricity, that is to say, electric washing machines. While it was not established either that such washing machines are wholly or in chief value of metal, or that the agitators used in such machines are wholly or in chief value of metal, we may take judicial notice of these facts of common knowledge.

It would, therefore, appear that the agitators here involved take classification under paragraph 353, *supra*, by similitude of use under paragraph 1559. It is objected by counsel for the Government, however, that the similitude provision is not applicable to the parts covered by paragraph 353 on the ground that since the provision for parts, made wholly or in chief value of metal, excludes parts, made of any other material directly, they cannot be brought within the provision by similitude, citing *Fensterer* v. *United States*, 1 Ct. Cust. Appls. 93, 98, T. D. 31110.

We are of the opinion that counsel for the Government has misapprehended the scope of the holding in the *Fensterer* case, *supra*, which is to the effect that an article cannot be made dutiable by similitude to the same article, made of the same material, in a more advanced stage of manufacture.

There is a rule of law somewhat similar to the principle underlying the objection made by counsel for the Government. In *Ungerer & Co. (Inc.)* v. *United States*, 15 Ct. Cust. Appls. 279, T. D. 42469, it was stated thusly:

> The application of the similitude provision is subject to the rule that a paragraph may clearly indicate an intent that nothing shall, by similitude, be dutiable thereunder.

And this is followed by the clear explanation dispositive of the objection here made:

> * * * Such exclusion, however, will not be assumed or implied from either an *eo nomine* or a descriptive provision, *but there must be express language of exclusion, or a condition tantamount to the same.* Strauss v. *United States*, 2 Ct. Cust. Appls. 203; *Nevin* v. *United States*, 5 idem, 423. [Italics added.]

In the *Strauss* case combs made of gallilith were held to be dutiable by similitude to combs composed of horn. Quite obviously gallilith combs were impliedly excluded from direct classification under the provision for combs composed of horn, a designation by composition, but the implied direct exclusion was held not to effect an exclusion from classification by similitude. In the *Nevin* case, also cited, the term "bottle caps of metal" in paragraph 196, Tariff Act of 1909, was held not to be deemed a term of exclusion forbidding classification by similitude thereunder.

We are satisfied that there is no provision in the dutiable enumerations of the Tariff Act of 1930 which directly covers the merchandise at bar; that the similitude provision was properly invoked; and that the evidence establishes that the merchandise at bar is properly classifiable under the provision in paragraph 353, as modified, *supra*, by similitude of use to the parts of washing machines therein provided for.

Judgment will therefore issue sustaining that claim accordingly.