(C.D. 3772)

THE AMALGAMATED SUGAR COMPANY v. UNITED STATES

United States Customs Court, Second Division

(Decided April 10, 1969)

*Ray, Quinney & Nebeker* (*James W. Freed* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Dominick M. Minerva*
and *Owen J. Rader*, trial attorneys), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The merchandise involved in this protest consists
of three articles: two described on the invoices as BMA cossette
pumps, and one described as a chokeless pump. The merchandise was
classified under item 660.90, Tariff Schedules of the United States,
as pumps for liquids and parts thereof, and assessed with duty at the
rate of 12 per centum ad valorem. Plaintiff claims that the imported
articles are entitled to free entry pursuant to the provisions of item
666.20, as machinery for use in the manufacture of sugar, and parts
thereof.

At the trial plaintiff abandoned its claims relating to certain bear-
ings and electrical parts, and they are therefore dismissed.

The relevant statutory provisions read as follows:

Tariff Schedules of the United States, schedule 6, part 4, subpart A:

| | | |
|---|---|---|
| 660.90 | Pumps for liquids, whether or not fitted with measuring devices; liquid elevators of bucket, chain, screw, band, and similar types; all the foregoing whether operated by hand or by any kind of power unit, and parts thereof_____ | 12% ad val. |

    *        *        *        *        *        *        *

Ibid., subpart C:

| | | |
|---|---|---|
| | Industrial machinery for preparing and manufacturing food or drink, and parts thereof: | |
| 666.20 | Machinery for use in the manufacture of sugar, and parts thereof_____ | Free |

The record in this case consists of the testimony of Sylvester M.
Heiner, chief engineer and assistant general superintendent of the
plaintiff herein, together with certain diagrams and photographs
used to illustrate his testimony. The record establishes the following
facts regarding the nature and use of the imported articles. They
are pumps specifically designed for and used only in the initial phase
of the manufacture of sugar from beets, a phase employing what is
known as the diffusion process. The raw beets are cleansed and sliced
into long noodle-like strips known as cossettes. The cossettes are intro-
duced into heated water thus commencing a process of diffusion and
osmosis by which the sugar in the plant cells is removed. After being
mixed with the heated water, the mixture which is composed of 50 to
60 percent solids, is pumped by the two cossette pumps in question into

a diffusion tower. In the tower the cossette mixture moves upward while a juice composed of water returned from the pulp presses (the final pressing of the cossettes) and fresh heated water moves downward, passes through screens at the bottom and then to the chokeless pump in question which recirculates the juice to heaters from which it returns to the initial contact with the cossettes. At a certain point in this circulation, the raw juice is withdrawn from the system and goes on to further steps in the sugar-making process.

According to the witness the pumps in question were designed specifically for operation in the diffusion process. To this end, they were designed with a special "impeller" or rotating element capable of pumping material without clogging up. For the same reason, the discharge openings were few in number and were large contoured surfaces.

In brief, it appears from the record that the instant importations are pumps for liquids used in the manufacture of sugar and it is for this court to resolve the question of priority between the statutory provisions involved. This same question was the subject of exhaustive analysis in *Amalgamated Sugar Company* v. *United States*, 60 Cust. Ct. 268, C.D. 3361, and we consider as fully revealing and controlling the discussion therein as to what constitutes a pump for liquid and whether the provision for pumps takes precedence over the provision for sugar machinery. In that case, a pump used in the sugar manufacturing process to pump a viscous material composed of 92 percent solids and 8 percent water was held to be properly classifiable as a pump for liquids. This court concluded as follows with regard to the question of whether the article was a pump such as came within the ambit of item 660.90:

> Inasmuch as the subject importation is admittedly a pump which performs a pumping operation upon the substance known as magma, causing it to flow, magma, not being a solid, must be considered as a fluid, at least for tariff purposes. This fluid, obviously and concededly not a gas, must be a liquid. Therefore, we conclude that the subject article properly is subject to classification as a pump for liquids under item 660.90.

As regards the question of conflict between the provision in part 4, subpart A, for pumps and the provision in part 4, subpart C, for sugar machinery, this court noted that headnote to subpart A of part 4 states as follows:

> 1. A machine or appliance which is described in this subpart and also is described elsewhere in this part is classifiable herein.

After a complete analysis of the legislative history of this headnote including an examination of the Tariff Classification Study and Supplemental Reports of the United States Tariff Commission and the

Nomenclature for the Classification of Goods in Customs Tariffs (commonly known as the Brussels Nomenclature), this court concluded as follows:

> * * * [T]he effect of the cited headnote to subpart A may be compared to the effect of phrases, contained in earlier tariff statutes, such as: "whether or not more specifically provided for elsewhere"; "by whatever name known"; or "whether or not provided for elsewhere". See e.g., *Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T.D. 41367; *Western Cartridge Co., etc.* v. *E. I. du Pont de Nemours & Co. (Inc.), etc.*, 16 Ct. Cust. Appls. 229, T.D. 42839; *Madame Adele* v. *United States*, 23 Ct. Cust. Appls. 305 T.D. 48176; *Richard Crittall Radiant Heating Corp.* v. *United States*, 27 Cust. Ct. 193, C.D. 1369; *Swiss Manufactures Association, Inc., et al.* v. *United States*, 39 Cust. Ct. 227, C.D. 1933. For, if an article is described in a subpart A tariff description, the headnote to subpart A eliminates relative specificity from consideration and requires that the article be assessed as there provided.

The headnote contains language of an "invading character", similar to the quoted phrases, indicating a congressional intent to give precedence in classification to an article described in subpart A. Accordingly, subpart A invades every other subpart of part 4 and removes therefrom articles described therein which also are described in subpart A. The subpart A headnote may be compared with the proviso to paragraph 1504 of the 1922 Act and paragraph 1604 of the 1930 Act which limited the inclusiveness of those paragraphs to articles not specified by name in the dutiable list. When a particular importation was so specified by name, it was not classifiable as an agricultural implement nor as sugar machinery even if exclusively used and specially designed for such restricted purposes. *United States* v. *Sheepshearers Mdse. & Comm. Co.*, 20 Ct. Cust. Appls. 327, T.D. 46112; *United States* v. *J. A. Freeman & Son*, 29 CCPA 103, C.A.D. 177, *Enrique Abarca and U. Casal et al.* v. *United States*, 18 Ct. Cust. Appls. 370, T.D. 44617.

Plaintiff has cited a number of cases such as *Union Sugar Div. Consolidated Foods Corp.* v. *United States*, 55 Cust. Ct. 113, C.D. 2559, affirmed in *United States* v. *Union Sugar Div. Consolidated Foods Corp.*, 54 CCPA 1, C.A.D. 892, in support of its contention that the provision for sugar machinery should be given a broad scope. However, in the *Union Sugar* case as well as in the other cases cited by plaintiff, the court was deciding between the provision for sugar machinery and provisions such as manufactures of metal or electric articles or machines not specially provided for, which were not *eo nomine* provisions. As between *eo nomine* provisions and the provision for sugar machinery the former were given preference by the specific exclusionary language of paragraph 1604 of the 1930 Act. The headnote cited above continues this preference for those articles mentioned

*eo nomine* in part 4 of subpart A. The instant importations, being pumps for liquid, are therefore classifiable as such within the scope of item 660.90 despite the fact that they are used in the manufacture of sugar.

In light of the above the protest herein is overruled and judgment will issue accordingly.