### BRADFORD INDUSTRIES, INC. Plaintiff,

v.

### UNITED STATES, Defendant.

Slip Op. 97–76.
Court No. 92–12–00836.

United States Court of International Trade.

June 17, 1997.

Lamb & Lerch, Richard J. Kaplan and David R. Ostheimer, New York City, for Plaintiff.

Frank W. Hunger, Assistant Attorney General, Washington, DC; Joseph I. Liebman, Attorney–in–Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Amy M. Rubin), United Sttes Customs Service (Beth C. Brotman, New York City), of Counsel, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WALLACH, Judge.

This matter having come on for trial in New York, New York, on the 23rd day of July, 1996, the parties having submitted it for decision and judgment after completion of the trial on the 25th day of July, 1996, the Court having considered the parties' Pre–Trial Briefs submitted on the 8th day of July, 1996, their Post–Trial Briefs submitted on the 28th day of October, 1996, and their Reply Briefs submitted on the 14th day of November, 1996, and having given due consideration to the testimony of two witnesses for Plaintiff, and three witnesses for Defendant, together with due consideration of all stipulated facts and all evidence admitted at trial, the Court, pursuant to USCIT Rule

52(a) now finds facts and sets forth its conclusions of law, and enters Judgment for Defendant pursuant to these Findings of Fact and Conclusions of Law.

### Findings of Fact

1) This action involves the classification under the Harmonized Tariff Schedule of the United States ("HTSUS") of imitation leather articles [1] imported into the United States by Plaintiff, Bradford Industries, Inc. These products are known by their trade names "Temasoft" and "Forsoft".[2]

2) The imported products were classified by the United States Customs Service ("Customs") under HTSUS subheading 5603.00.90.

3) Plaintiff contends that the products should have been classified under HTSUS subheading 3921.13.11. All classifications were properly protested and all liquidated duties were paid.

4) The imported merchandise consists of two components: a polyurethane component and a nonwoven textile component. The back of the imported merchandise is "buffed" prior to importation.

5) Both of Plaintiff's witnesses and two of Defendant's witnesses agreed that after the buffing process the fibers of the nonwoven are not "completely embedded".

6) Mr. Veiga, Plaintiff's witness, testified that after the subject merchandise undergoes the buffing process prior to importation, the product is no longer entirely coated or covered with polyurethane. The Court finds Mr. Veiga's testimony on this point, coupled with the testimony of Mr. Lutzer, Defendant's witness, who stated that he could see "free-standing fibers" on the buffed surface of the subject merchandise, to be credible.

7) In addition to serving as a reinforcement to the polyurethane component, the nonwoven is used as a "carrier" for the polyurethane. Further, it provides the final product with the desired "dimension, stability, and the physical characteristics" lacking from the polyurethane by itself. It also contributes to the stretch ability of the product. The nonwoven also improves the final product's ability to adhere to another substance. Mr. Holliday, Defendant's witness, testified that the nonwoven portion found in imitation leather contribute a variety of properties to that product, including aesthetics or appearance, printability, wick ability, feel, ability to contain crease, roll, ability to be bonded with heat or adhesives, ability to hold a stitch, and abrasion resistance. The Court found this testimony to be credible and not inconsistent with the testimony presented by Plaintiff's witnesses.

8) If any of these Findings of Fact shall more properly be Conclusions of Law they shall be deemed to be so.

### Conclusions Of Law

1) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a).

■ 2) Customs' factual determinations are entitled to a presumption of correctness. 28 U.S.C. § 2639(a)(1) (1988); *Goodman Mfg. L.P. v. United States*, 69 F.3d 505, 508 (Fed.Cir.1995). The burden of proving that Customs' determination is incorrect rests with the party challenging it. 28 U.S.C. § 2639(a)(1).[3]

3) Despite the testimony and other evidence introduced at trial, Plaintiff has failed

---

1. Despite contrary testimony, the parties stipulated that the subject merchandise is an imitation leather article. Plaintiff's Statement Of Material Facts As To Which There Exists No Triable Issue Of Fact at ¶ 8 and Defendant's Response at ¶ 8.

2. Plaintiff's witness, Mr. Grounauer, testified at trial that Temasoft's characteristics are substantially identical to those of Forsoft. Consequently, the Court will treat these products as being identical.

3. Plaintiff argues that when Defendant withdrew "the legal theory that classification of a product as a plate, sheet, film, foil and strip, of plastics combined with textile materials under subheading 3921.13.11, HTSUS, requires that the plate, sheet, etc. exist prior to its combination with the textile ...", Defendant's Letter to Court, dated July 22, 1996, it "abandoned the sole reason and rationale" behind the inapplicability of Note 3(c) to Chapter 56. Plaintiff's Post–Trial Brief at 13–14. Plaintiff, by implication, is claiming that Defendant is not allowed to argue any other theory to support the inapplicability of Note 3(c) to the subject merchandise. As Plaintiff did not cite to any authority for its argument, the Court rejects it.

to meet its burden of demonstrating Customs' determination is incorrect.

■ 4) Customs classifies the merchandise according to its condition when imported. *Amersham Corp. v. United States,* 5 CIT 49, 53, 564 F.Supp. 813, 815 (1983), aff'd, 2 Fed. Cir. (T) 33, 728 F.2d 1453 (1984). In its condition at importation, the nonwoven component of the imitation leather is not completely embedded in the polyurethane or entirely coated or covered with polyurethane.

5) General Rule of Interpretation ("GRI") 1 to the HTSUS provides: "classification shall be determined according to the terms of the headings and any relative section or chapter notes ..." HTSUS Heading 3921, which contains Plaintiff's proposed classification, is found in Chapter 39, Section VII. Chapter Note 2(1) to Chapter 39 excludes from Chapter 39 "goods of section XI (textiles and textile articles)." Heading 5603, under which Customs classified the subject merchandise, is found in Chapter 56, Section XI. In order to determine whether the subject merchandise is properly classifiable under Chapter 56, thus falling within Section XI and as such excluded from Chapter 39, the exclusions from Chapter 56 contained in Chapter Note 3 must be examined. Note 3 excludes from classification under Heading 5603, in pertinent part:

(b) Nonwovens, either completely embedded in plastics or rubber, or entirely coated or covered on both sides with such materials, provided that such coating or covering can be seen with the naked eye with no account being taken of any resulting change of color (chapter 39 or 40); or (c) Plates, sheets or strip of cellular plastics or cellular rubber combined with felt or nonwovens, where the textile material is present merely for reinforcing purposes (chapter 39 or 40).

6) To prevail, Plaintiff needed to demonstrate (1) that the merchandise is a nonwoven, either completely embedded in, or entirely coated or covered on both sides with plastic, provided that such coating or covering can be seen with the naked eye with no account being taken of any resulting change of color (Chapter 56, Note 3(b)), or (2) that the non-woven textile component of the merchandise is present exclusively for reinforcing purposes Chapter 56, Note 3(c)).

■ 7) "[W]hat constitutes the common meaning of a tariff term is not a question of fact but a question of law." *Schott Optical Glass, Inc. v. United States,* 67 C.C.P.A. 32, 34, 612 F.2d 1283, 1285 (1979). To determine common meaning, in addition to relying upon its own understanding of the terms used, the Court may consult dictionaries, lexicons, the testimony of record and other reliable sources of information as an aid to its knowledge. *United States v. C.J. Tower and Sons.* 44 C.C.P.A. 1, 4 (1956). Accordingly, the Court sets forth the following interpretations of the pertinent tariff terms:

(a) The definition of "embedded" is "set or fix[ed] firmly in a surrounding mass". *Webster's New World Dictionary,* Third College Edition 442–443 (1988). Adding the modifying "completely" which means "full[y], whole[ly], entire[ly]", *id.* at 285, the Court finds that the term "completely embedded" means that every fiber of the nonwoven must be entirely fixed firmly in the polyurethane.

(b) "Coated" is defined as having "a layer of some substance, as paint, over a surface". *Webster's New World Dictionary,* Third College Edition 267 (1988). "Covered" means "to place something on, over, or in front of, so as to conceal, protect, or close." *Id.* at 320. Adding the modifier "entirely", which means "wholly, completely, totally, fully," *id.* at 453, the Court determines that the term "entirely coated or covered" means that the nonwoven must be completely coated or covered by a layer of polyurethane on either side of the fabric.

(c) The definition of "reinforcing" is "something designed to provide additional strength (as in a weak area) ...." *Webster's Third New International Dictionary* (unabridged) at 1915 (1993). The term "merely" means "no more than: barely, only, simply, solely". *Id.* at 1413. The Court finds that the phrase "merely for reinforcing" means that the only function of the nonwoven is to strengthen the polyurethane.

8) As discussed in the "Findings of Fact", Plaintiff failed to demonstrate that the nonwoven component of the subject merchandise is "completely embedded" or "entirely coated or covered" by the polyurethane component. Further, Plaintiff failed to prove that the nonwoven component "is present merely for reinforcing purposes". Consequently, the subject merchandise is classifiable under HTSUS Heading 5603, Section XI, and excluded from Chapter 39.

9) The Court rejects Plaintiff's claim that the *Explanatory Notes to the Harmonized Commodity Description and Coding System ("Explanatory Notes")* mandate classification of the subject merchandise in Chapter 39. The Court may look to the *Explanatory Notes* for guidance in interpreting the HTSUS, but it is not bound by them. HR Conf. Rep. No. 576, 100th Cong., 2d Sess. at 549 (1988). The General Explanatory Note to Chapter 39 reads, in pertinent part:

> The following products are also covered by this Chapter:
>
> \*      \*      \*      \*      \*      \*
>
> (d) Plates, sheets and strip of cellular plastics combined with textile fabrics, felt or nonwovens, where the textile is present merely for reinforcing purposes.
>
> In this respect, unfigured, unbleached, bleached or uniformly dyed textile fabrics, when applied to one face only of these plates, sheets or strip, are regarded as serving merely for reinforcing purposes. Figured, printed or more elaborately worked textiles (e.g., by raising) and special products, such as pile fabrics, tulle and lace and textile products of heading 58.11, are regarded as having a function beyond that of mere reinforcement.

*Explanatory Notes* at pp. 597–98. This might provide support for Plaintiff's position if it were not for the fact that the nonwoven component of the subject merchandise is not used "merely for reinforcing purposes".[4]

10) The Court need not perform an essential character analysis of the imitation leather pursuant to GRI 3(b) because classification was determined under GRI 1, as set out above.

11) If any of these Conclusions of Law shall more properly be Findings of Fact they shall be deemed to be so.

### ORDER AND JUDGMENT

This case having been heard at trial and submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED, and DECREED that a Judgment be, and hereby is, entered in favor of Defendant and against Plaintiff and that the classification by the Customs Service of the subject merchandise under subheading 5603.00.90, HTSUS, is affirmed; and it is further

ORDERED, ADJUDGED, and DECREED that each party shall bear its own costs.

---

4. At trial, Mr. Holliday, Defendant's witness, testified that the nonwoven component at issue has special characteristics that contribute certain qualities to the subject merchandise. Thus, even if the other evidence was not persuasive, the nonwoven component could also be considered a "special product" as used in the *Explanatory Note*.