Slip Op. 99-76

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
:
:
:
JVC COMPANY OF AMERICA, :
DIVISION OF U.S. JVC CORP., :
:
Plaintiff, :
v. : **Court No. 93-09-00643**
: **BEFORE: CARMAN, CHIEF JUDGE**
UNITED STATES, :
:
Defendant. :
:
_____:

Plaintiff, JVC Company of America, moves for summary judgment pursuant to U.S. CIT R. 56(a), contending it is entitled to judgment as a matter of law because the United States Customs Service (Customs) improperly classified the merchandise at issue, "video camera recorders otherwise known as camcorders," under subheading 8525.30.00, Harmonized Tariff Schedule of the United States (HTSUS), as "television cameras," dutiable at a rate of 4.2% _ad valorem_. Plaintiff argues the imported merchandise should have been classified under either subheading 8543.80.90, HTSUS, as "electrical machines and apparatus, having individual functions . . . other machines and apparatus . . . other," dutiable at a rate of 3.9% _ad valorem_ or subheading 8479.89.90, HTSUS, as "machines and mechanical appliances having individual functions . . . other machines and mechanical appliances . . . other . . . other," dutiable at a rate of 3.7% _ad valorem_.

Defendant, United States, opposes plaintiff's motion. Defendant cross-moves for summary judgment pursuant to U.S. CIT R. 56(b), contending it is entitled to judgment as a matter of law because Customs correctly classified the merchandise at issue under subheading 8525.30.00, HTSUS.

_Held_: The Court finds there are no genuine issues of material fact and summary judgment is appropriate. The Court holds Customs correctly classified the merchandise at issue. Defendant's cross-motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

Date: August 6, 1999

*Galvin & Mlawski* (*Jack D. Mlawski* and *John J. Galvin*), New York, New York, for plaintiff.

*David W. Ogden*, Acting Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Amy M. Rubin*); *Beth C. Brotman*, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

## OPINION

**CARMAN, CHIEF JUDGE:** Plaintiff, JVC Company of America, moves for summary judgment pursuant to U.S. CIT R. 56(a), contending it is entitled to judgment as a matter of law because the United States Customs Service (Customs) improperly classified the merchandise at issue under subheading 8525.30.00, Harmonized Tariff Schedule of the United States (HTSUS), as "television cameras," dutiable at a rate of 4.2% *ad valorem*.[1] Plaintiff argues the imported merchandise should have been classified under either subheading 8543.80.90, HTSUS, as "electrical machines and apparatus, having individual functions . . . other machines and apparatus . . . other," dutiable at a rate of 3.9% *ad valorem*,[2] or subheading 8479.89.90, HTSUS, as

---

[1] Subheading 8525.30.00, Harmonized Tariff Schedule of the United States (HTSUS), in relevant part, states:

| 8525 | Transmission apparatus for radiotelephony, radiotelegraphy, radiobroadcasting or television, whether or not incorporating reception apparatus or sound recording or reproducing apparatus; television cameras: | |
| | * * * | |
| 8525.30.00 | Television cameras | 4.2% |

[2] Subheading 8543.80.90, HTSUS, in relevant part, provides:

| 8543 | Electrical machines and apparatus, having individual functions, not specified or included elsewhere in this chapter; parts thereof: | |
| | * * * | |

"machines and mechanical appliances having individual functions . . . other machines and mechanical appliances . . . other . . . other," dutiable at a rate of 3.7% *ad valorem*.[3] Defendant cross-moves for summary judgment pursuant to U.S. CIT R. 56(b), contending it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue under 8525.30.00, HTSUS, and plaintiff's proposed classifications are erroneous as a matter of law. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

BACKGROUND

Plaintiff is the importer of the merchandise at issue in this case. The merchandise, which was manufactured in Japan, was imported into the United States through the port of Atlanta on October 7, 1992 and October 21, 1992.

The parties are in substantial agreement as to the characteristics and features of the imported merchandise and agree on the following facts. The imported merchandise consists of "video camera recorders otherwise known as camcorders." (Plaintiff's Motion for Summary

---

| 8543.80 | Other machines and apparatus: | |
| | *     *     * | |
| 8543.80.90 | Other | 3.9% |

[3] Subheading 8479.89.90, HTSUS, in relevant part, provides:

| 8479 | Machines and mechanical appliances having individual functions, not specified or included elsewhere in this chapter; parts thereof: | |
| | Other machines and mechanical appliances: | |
| | *     *     * | |
| 8479.89 | Other: | |
| | *     *     * | |
| 8479.89.90 | Other | 3.7% |

Judgment (JVC) at 7.)  The imported merchandise is an electrical machine or apparatus possessing two independent functions generally used in conjunction with one another; a television camera and a video tape recorder.  The merchandise in this case is described in the sales brochures as "camcorders" and in the service manuals as "video movies."[4]  Customs classified the merchandise at issue as "television cameras."

Plaintiff timely protested Custom's classification of the merchandise, and, after having paid all liquidated duties due, timely commenced this action.

CONTENTIONS OF THE PARTIES

A.     *Plaintiff*

Plaintiff, JVC Company of America, contends no genuine issues of material fact exist, and it is entitled to judgment as a matter of law.  Plaintiff argues Customs improperly classified the merchandise under heading 8525, HTSUS, as "television cameras."  Plaintiff asserts this classification is improper because the merchandise at issue is not *prima facie* classifiable as a "television camera[]," as it is "more than" a "television camera[]" due to its dual function. Plaintiff claims the "more than" doctrine is a fundamental rule of customs classification holding that when "goods constitute more than a particular article because they possess additional significant features or perform additional nonsubordinate functions[,] they are not classifiable" under the heading for that article.  (JVC at 19 (quoting *Avenues in Leather, Inc. v. United States,*

---

[4] Copies of these documents were submitted by plaintiff as collective Exhibit No. 1 in regard to its motion.

11 F. Supp. 2d 719, 726 (CIT 1998), *aff'd*, 178 F.3d 1241 (Fed. Cir. 1999)).)

Plaintiff argues that the merchandise at issue is like that considered by the Federal Circuit in *Sears Roebuck & Co. v. United States*, 22 F.3d 1082 (Fed. Cir. 1994).[5] In *Sears*, the court held that "camcorders" are combination articles having the features of cameras and tape recorders and thus are properly classified as combination articles, rather than solely as tape recorders. *See id.* Similarly, plaintiff claims, in this case the merchandise at issue is more than a "television camera[]" and therefore cannot be classified under heading 8525, HTSUS, as "television cameras." Also, plaintiff contends that defendant's argument under Rule 3(c) of the General Rules of Interpretation (GRI)[6], HTSUS, which states when an item is *prima facie* classifiable under two or more headings, the proper classification is that last in numerical order, is not applicable in this case because the merchandise does not fit into two or more headings under the "more than" doctrine.

---

[5] In the *Sears* case, the court considered the proper classification of "camcorders" under the Tariff Schedule of the United States (TSUS). *See Sears Roebuck & Co. v. United States*, 22 F.3d 1082 (Fed. Cir. 1994).

[6] Rule 3(c) of the General Rules of Interpretation (GRI), HTSUS, states, in pertinent part:

When . . . goods are, *prima facie,* classifiable under two or more headings, classification shall be effected as follows:
        . . . .
(c)     When goods cannot be classified by reference to 3(a) [stating more specific headings preferred; but when two or more headings refer to only part of mixed or composite good, both headings are "equally specific"] or 3(b) [stating mixtures or composite goods are classified under the substance "which gives them their essential character"], they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration.

Plaintiff asserts that the imported merchandise should be classified under subheading 8543.80.90, HTSUS, as "electrical machines and apparatus, having individual functions . . . other machines and apparatus . . . other," dutiable at a rate of 3.9% *ad valorem*. As an alternative, plaintiff suggests classifying the imported merchandise under subheading 8479.89.90, HTSUS, as "machines and mechanical appliances having individual functions . . . other machines and mechanical appliances . . . other . . . other," dutiable at a rate of 3.7% *ad valorem*. Plaintiff requests that this Court order defendant to reliquidate the subject entries under either of the two proposed subheadings with refund and interest as provided by law.

B.      *Defendant*

Defendant, United States, contending there are no genuine issues of material fact, argues it is entitled to judgment as a matter of law because Customs properly classified the merchandise at issue as "television cameras" under subheading 8525.30.00, HTSUS. Defendant argues that the legal meaning, as derived from the common meaning[7], of the tariff term "television cameras" includes the merchandise at issue despite its dual function. Additionally, the merchandise at issue is included under the heading for "television cameras" because, as an *eo nomine*[8] provision, the heading includes all forms of the article. Furthermore, the Customs Co-Operation Council's Harmonized Commodity Description and Coding System Explanatory Notes (Explanatory

---

[7] Defendant uses THE MCGRAW-HILL ENCYCLOPEDIA OF SCIENCE AND TECHNOLOGY (8th Ed. 1997), THE OXFORD ENGLISH DICTIONARY (2nd Ed. 1999), and THE AMERICAN HERITAGE DICTIONARY of the English Language (3rd Ed. 1996) to determine the common meaning of "television cameras."

[8] "An 'eo nomine' designation is one which describes commodity by a specific name, usually one well known to commerce." BLACK'S LAW DICTIONARY 535 (6th Ed. 1990).

Notes)[9] support classifying the merchandise at issue as "television cameras." Since no other heading describes the merchandise at issue, defendant claims that it is properly classified under "television cameras." Furthermore, defendant asserts both the *Sears* case and the "more than" doctrine relate to the Tariff Schedules of the United States (TSUS) and therefore are not applicable to this case which involves classification under HTSUS.

Defendant claims plaintiff's suggestion that the merchandise at issue be classified under heading 8543, HTSUS, as "electrical machines and apparatus, having individual functions, not specified or included elsewhere in this chapter," is improper because the merchandise at issue is classifiable elsewhere in chapter 85, under heading 8525, HTSUS, as "television cameras." Furthermore, even if the imported merchandise were *prima facie* classifiable under heading 8543, HTSUS, the heading 8525, HTSUS, for "television cameras" is correct because, following GRI 3(a)[10], it is more specific.

---

[9] "The Explanatory Notes constitute the Customs Co-operation Council's official interpretation of the Harmonized Tariff System. The Customs Co-operation Council was established in 1952 by convention in Brussels. The Customs Co-operation Council is now known as the World Customs Organization which publishes the *Harmonized Commodity Description and Coding System*. It has long been settled that 'while the Explanatory Notes do not constitute controlling legislative history, they do offer guidance in interpreting HTS []headings.'" *American Bayridge Corp. v. United States*, 35 F. Supp. 2d 922, 925 n.1 (CIT 1998) (quoting *Lonza, Inc. v. United States*, 46 F.3d 1098, 1109 (Fed. Cir. 1995)).

[10] GRI 3(a), HTSUS, states, in pertinent part:

When . . . goods are, *prima facie,* classifiable under two or more headings, classification shall be effected as follows:

(a)    The heading which provides the most specific description shall be preferred to headings providing a more general description.

Defendant argues that plaintiff's alternative suggestion that camcorders be classified under heading 8479, HTSUS, as "machines and mechanical appliances having individual functions," is improper for two reasons. First, while conceding that the merchandise at issue is described by heading 8479, defendant, again, claims that heading 8525 for "television cameras" is still the correct classification because, under GRI 3(a), it is the more specific heading. Second, defendant claims Note 7 to Chapter 84, which states that items should not be classified under heading 8479, HTSUS, if the "context otherwise requires," precludes the merchandise at issue from being classified under heading 8479 where, as here, the context requires that the merchandise falls within heading 8525.

Finally, defendant contends that the only other heading which might encompass the merchandise at issue is heading 8521, HTSUS, "video recording or reproducing apparatus."[11] Defendant claims, however, even if the merchandise at issue is *prima facie* classifiable under heading 8521, heading 8525, HTSUS, "television cameras," is still the correct classification because, following GRI 3(c)[12], it is last in numerical order under the HTSUS.

STANDARD OF REVIEW

This case is before the Court on plaintiff's motion and defendant's cross-motion for

---

[11] The HTSUS, in relevant part, provides:

8521                  Video recording or reproducing apparatus:

[12] *See supra* note 6.

summary judgment. Summary judgment is appropriate if, based on the papers before the Court, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). "The Court will deny summary judgment if the parties present 'a dispute about a fact such that a reasonable trier of fact could return a verdict against the movant.'" *Ugg Int'l, Inc. v. United States*, 17 CIT 79, 83, 813 F. Supp. 848, 852 (1993) (citation omitted). "While the statute provides Customs decisions are entitled to a presumption of correctness, *see* 28 U.S.C. § 2639(a)(1) (1994), where, as here, a question of law is before the Court on a motion for summary judgment, the statutory presumption of correctness is irrelevant." *Blakley Corp. v. United States*, 15 F. Supp. 2d 865, 868-69 (CIT 1998) (citing *Universal Elecs. Inc. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997)).

DISCUSSION

Both parties in this case argue that summary judgment is appropriate because there are no genuine issues of material fact in dispute. This Court agrees. Therefore, the sole issue remaining in this case is the proper classification of the merchandise at issue. *See Rollerblade, Inc. v. United States*, 112 F.3d 481, 483 (Fed. Cir. 1997).

This Court finds that the "more than" doctrine is not applicable to this case. The "more than" doctrine holds that when "goods constitute more than a particular article because they possess additional significant features or perform additional nonsubordinate functions[,] they are not classifiable" under the heading for that article. *Avenues in Leather*, 11 F. Supp. 2d at 726 (citing *Digital Equip. Corp. v. United States*, 889 F.2d 267, 268 (Fed. Cir. 1989)). Because, as

discussed below, this Court finds the *eo nomine* provision for "television cameras" under 8525, HTSUS, is broad enough to include the merchandise at issue, this Court finds the "more than" doctrine is inapplicable to the case at bar.[13]

A.      *The Scope of Heading 8525, HTSUS, "Television Cameras."*[14]

Classification of merchandise under HTSUS must be performed in accordance with the General Rules of Interpretation, taken in order, and the Additional United States Rules of Interpretation. *See Orlando Food Corp. v. United States*, 140 F.3d 1437, 1439 (Fed. Cir. 1998). GRI 1 states, in pertinent part, "classification shall be determined according to the terms of the headings and any relative section or chapter notes."  GRI 1, HTSUS.

"Tariff terms contained in the statutory language 'are to be construed in accordance with their common and popular meaning, in the absence of contrary legislative intent.'"  *Lynteq, Inc. v.*

_____

[13] The Court notes that "[t]he extent, if any, to which the 'more than . . .' doctrine continues under the HTSUS is undecided and unclear."  *Nidec Corp. v. United States*, 68 F.3d 1333, 1337 (Fed. Cir. 1995) (deciding that an *eo nomine* provision of the HTSUS included the merchandise at issue, the court found the "more than" doctrine inapplicable to the case before it). *But cf. Avenues in Leather, Inc. v. United States*, 178 F.3d 1241, 1246 (Fed. Cir. 1999) (applying the "more than" doctrine to classification under the HTSUS where merchandise failed to fit within the scope of the proposed heading classification).

[14] The Court first will consider the scope of heading 8525, HTSUS, "television cameras." Since "television cameras" follows a semicolon in heading 8525, the Court considers "television cameras" a related but distinct class of merchandise from the others listed, *i.e.*, transmission apparatus, etc. *See Commercial Aluminum Cookware Co. v. United States*, 20 CIT 1007, 1016, 938 F. Supp. 875, 883 (1996).  The Court recognizes that "television cameras" is identified also under subheading 8525.30.00, HTSUS.  The classification of the merchandise at issue under the subheading will be addressed by the Court later in part A of this section.

*United States*, 976 F.2d 693, 697 (Fed. Cir. 1992) (citation omitted).  What constitutes the common meaning of a tariff term is a question of law.  *See Bradford Indus., Inc. v. United States*, 968 F. Supp. 732, 735 (CIT 1997), *aff'd*, 152 F.3d 1339 (Fed. Cir. 1998) (quoting *Schott Optical Glass, Inc. v. United States*, 612 F.2d 1283, 1285 (C.C.P.A. 1979)).  In order to determine a term's common meaning, "in addition to relying upon its own understanding of the terms used, the Court may consult dictionaries, lexicons, the testimony of record and other reliable sources of information as an aid to its knowledge."  *Id.*

The MCGRAW-HILL ENCYCLOPEDIA OF SCIENCE AND TECHNOLOGY states that "television camera[s] may fall within one of several categories:  studio, portable, or telecine."  18 MCGRAW-HILL ENCYCLOPEDIA OF SCIENCE AND TECHNOLOGY 212 (8th Ed. 1997).  It further states that:

> Portable cameras . . . usually combine all of the basic elements into one package and may be used for a multitude of purposes. . . . The units often have built-in microphones, video-cassette recorders, and batteries for completely self-contained operation. . . . These compact and lightweight camcorders can be easily handled by one person.

*Id.* at 216.  This definition explicitly recognizes that television cameras are by nature multi-functional apparatuses.  The term is inclusive of a broad array of characteristics and functions.

The Explanatory Notes provide additional proof of the broad scope of the tariff term "television cameras."  The Explanatory Notes, while only instructive, *see Marubeni Am. Corp. v. United States*, 35 F.3d 530, 535 n.3 (Fed. Cir. 1994), are especially helpful where the United States has adopted in HTSUS the headings and chapter notes from the Customs Co-Operation Council's version verbatim.  *See Pima Western, Inc. v. United States*, 915 F. Supp. 399, 402 (CIT 1996).  That is the case with heading 8525 and subheading 8525.30.00 relevant here.  *See*

Explanatory Notes, Section XVI, 85.25, at 1375 (1986). The Explanatory Notes describe the heading for "television cameras" as including "[c]ameras for underwater work and portable cameras with or without a built-in video recorder." Explanatory Notes, Section XVI, 85.25(C), at 1375. Based on the common meaning of the term "television camera," and because this Court cannot find any indication that Congress intended otherwise, this Court finds that the scope of heading 8525, HTSUS, "television cameras" contemplates merchandise that is multi-functional which may include camera and video recording capabilities.

The parties to this action agree that the merchandise at issue has two independent functions; as television camera and as video recorder. Also, both parties use the term "camcorders" to refer to the merchandise at issue and "camcorders" are specifically included in the common definition of "television camera." *See, e.g.,* 18 MCGRAW-HILL ENCYCLOPEDIA OF SCIENCE AND TECHNOLOGY 212-13 (8th Ed. 1997) (defining television cameras as including camcorders and further defining camcorders as "one-piece, hand-held television camera[s] with [a] built-in videocassette recorder"). The Court agrees with the parties' characterizations of the merchandise at issue and, in doing so, finds that the merchandise at issue falls within the scope of heading 8525, HTSUS, as "television cameras." Further, since all tariff terms may be defined by their common meaning, *see Lynteq* at 697, the Court finds that the scope of subheading 8525.30.00, HTSUS, "television cameras" is synonymous with the heading by the same title. Therefore, the Court finds the merchandise at issue is classifiable under subheading 8525.30.00, HTSUS, as "television cameras."

B.      Sears *Is Not Dispositive.*

Plaintiff argues the Federal Circuit's holding in *Sears* that camcorders are combination

articles composed of television cameras and video tape recorders and therefore not classifiable as

"television cameras" is dispositive in this case.  This Court disagrees.  Comparisons to cases

decided under TSUS may be instructive when the nomenclature remains unchanged, but they are

not dispositive to the interpretation of HTSUS.  *See Pima*, 915 F. Supp. at 404-05.  Congress,

when contemplating the relationship between HTSUS and TSUS, explained that:

> In light of the significant number and nature of changes in nomenclature from the TSUS to
> the HTS, decisions by the Customs Service and the courts interpreting the nomenclature
> under the TSUS are not to be deemed dispositive in interpreting the HTS.  Nevertheless,
> on a case-by-case basis prior decisions should be considered instructive in interpreting the
> HTS, particularly where the nomenclature previously interpreted in those decisions
> remains unchanged and no dissimilar interpretation is required by the text of the HTS.

H.R. REP. No. 576, at 549-50, *quoted in Pima*, 915 F. Supp. at 404-05; *see also Mitsubishi Int'l*

*Corp. v. United States*, No. 98-1421, 1999 WL 460913, at *2 (Fed. Cir. July 8, 1999) (stating

judgments interpreting provisions of the TSUS do not apply to classifications made under

different language of the more recently enacted HTSUS).  The tariff terms under TSUS that the

*Sears* court contemplated are significantly different from the terms before this Court under

HTSUS.  TSUS specifically provided for combinations of a large assortment of devices, articles

including television cameras and tape recorders as merely one possibility, while HTSUS does not.

Therefore, the Federal Circuit's legal and factual findings in *Sears* are not relevant here.


C.      *Proposed Alternative Headings to Customs' Classification Are Inappropriate.*

This Court's precedent dictates that this Court "must consider whether the government's

classification is correct, both independently and in comparison with the importer's alternative[s]."

*Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984). Plaintiff proposes two

alternatives to Customs' classification. Both are inappropriate.

Plaintiff's first suggestion is to classify the merchandise under heading 8543, subheading

8543.80.90, HTSUS, as "electrical machines and apparatus, having individual functions, not

specified or included elsewhere in this chapter . . . other machines and apparatus . . . other,"

dutiable at a rate of 3.9% *ad valorem*. This suggestion is inappropriate as the merchandise at

issue is specified elsewhere in the chapter. As discussed above, the merchandise at issue is

included in the scope of heading 8525, HTSUS, as "television cameras." This point is reinforced

by the Explanatory Notes to heading 85.43 which states, in relevant part:

> This heading covers all electrical appliances and apparatus, **not falling** in any other
> heading of this Chapter, **nor covered more specifically** by a heading of any other Chapter
> of the Nomenclature, nor excluded by the operation of a Legal Note to Section XVI or to
> this Chapter.

Explanatory Notes, Section XVI, 85.43, at 1402 (1986) (emphasis in original).

Plaintiff's second suggestion for classifying the imported merchandise is under heading

8479, subheading 8479.89.90, HTSUS, as "machines and mechanical appliances having individual

functions . . . other machines and mechanical appliances . . . other . . . other," dutiable at a rate of

3.7% *ad valorem*. Plaintiff's alternative is not tenable because heading 8479 is subject to Note 7

of Chapter 84 which states if "the context otherwise requires," classification under heading 8479,

HTSUS, is prohibited. The Court finds that part of the "context" it must consider is the common

meaning of the term "television camera" discussed above. As a result, the Court holds that the merchandise at issue cannot be classified under heading 8479, HTSUS, because the context requires that the merchandise falls within the scope of heading 8525, HTSUS, as "television cameras." Furthermore, the Court is impressed with defendant's argument that even if the merchandise at issue were *prima facie* classifiable under heading 8479, HTSUS, the heading for "television cameras" would still be the correct classification. This is so because, following GRI 3(a), the more specific heading classification is preferred. *See Orlando*, 140 F.3d at 1441. Since heading 8525, "television cameras," is more specific than heading 8479, "machines and mechanical appliances having individual functions," the merchandise at issue is more properly classified under heading 8525, HTSUS.

The only other potential heading mentioned by the parties is "video recording or reproducing apparatus," under heading 8521, HTSUS. Arguably, this heading may apply to the merchandise at issue as the merchandise at issue can function as a video recorder. Even if the merchandise at issue were *prima facie* classifiable under 8521, HTSUS, however, the correct classification would still be "televisions cameras." This is so because, following GRI 3(c), the heading for "television camera[]," 8525, HTSUS, is later in numerical order and therefore is the preferred heading.

CONCLUSION

This Court finds the merchandise at issue is *prima facie* classifiable under heading 8525, HTSUS, as "television cameras," and the headings put forth by the plaintiff are inappropriate.

The Court finds, therefore, that Customs correctly classified the merchandise at issue under

subheading 8525.30.00, HTSUS, as "television cameras."

For the foregoing reasons, plaintiff's motion for summary judgment is denied, and

defendant's motion for summary judgment is granted.

_____
Gregory W. Carman
Chief Judge

Dated: August 6, 1999
         New York, New York