(C.D. 2391)

Magnesium Elektron, Inc. *v.* United States

United States Customs Court, Second Division

(Decided April 2, 1963)

*John D. Rode* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Richard H. Welsh* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before Lawrence, Rao, and Ford, Judges

Lawrence, Judge: This is a case of novel impression. The importation in controversy consists of an alloy, composed of magnesium and zirconium, the latter being the component material in chief value. It was classified by the collector of customs in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides for articles, not specially provided for, composed wholly or in chief value of metal (zirconium), and duty was imposed thereon at the rate of 22½ per centum ad valorem.

Plaintiff claims that the merchandise should be classified in paragraph 375 of said act (19 U.S.C. § 1001, par. 375), as modified by the general agreement, *supra*, as a magnesium alloy, or a manufacture of magnesium, not specially provided for, and subjected to duty at 20 cents per pound on the magnesium content and 10 per centum ad valorem.

Alternative claims that the commodity should be classified in paragraph 302(n) (19 U.S.C. § 1001, par. 302(n)), as modified by the general agreement, *supra*, and dutiable at the rate of 12½ per centum ad valorem; or free of duty in paragraph 1664 of said act (19 U.S.C. § 1201, par. 1664), are not pressed and are deemed abandoned.

The pertinent text of the statutes involved is here set forth.

Paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra:*

Articles or wares not specially provided for, whether partly or wholly manufactured:

    \*      \*      \*      \*      \*      \*      \*

    Composed wholly or in chief value of iron, steel, \* \* \* or other metal \* \* \*:

        Woven wire fencing \* \* \*

    \*      \*      \*      \*      ,      \*      \*

        Other \* \* \*_____ 22½% ad val.

Paragraph 375 of said act, as modified, *supra:*

Magnesium alloys, powder, sheets, ribbons, tubing, wire, and all other articles, wares, or manufactures of magnesium, not specially provided for _____ 20¢ per lb. on the metallic magnesium content and 10% ad val.

The case has been submitted for our determination upon a stipulation of adversary parties in which it is agreed, so far as important here, that the importation—

\* \* \* consists of magnesium-zirconium alloy containing approximately 44 per cent by weight of magnesium, and approximately 56 per cent by weight of zirconium, zirconium being the component material of chief value, \* \* \*.

Plaintiff states the question presented, as follows:

Are the provisions in Paragraph 375 for magnesium alloys and manufactures of magnesium restricted to such as are in chief value of magnesium?

It is the contention of plaintiff that, in providing for magnesium alloys and all other manufactures of magnesium in paragraph 375, it was not intended nor required by Congress that such alloys or manufactures should be in chief value of magnesium. It is asserted by plaintiff that if Congress had intended classification in paragraph 375 to depend upon the material of chief value, it would have used appropriate language to accomplish that result. Many examples in the metal schedule are set forth in the brief of plaintiff wherein Congress has used the words "in chief value" when that element was a test for classification, notably, paragraphs 319(b), 339, 342, 347, 353, 360, 372, 373, 374, 385, 389, 396, and 397.

It is observed that, in paragraph 374, immediately preceding paragraph 375, here under consideration, the provision for alloys is limited

to those in which aluminum is the component material in chief value.

On the other hand, paragraph 302(f) provides, in part, for "* * * alloys of molybdenum, 50 cents per pound on the molybdenum contained therein and 15 per centum ad valorem." This is similar to the provision for magnesium alloys in paragraph 375, which are subject to a compound duty solely on the metallic magnesium content. A like arrangement is found in paragraph 302(h), with reference to alloys of tungsten. These instances indicate the intention of Congress to impose a compound rate of duty upon certain metal alloys.

Paragraph 302(n) provides for alloys of various metals of which zirconium is one, but does not include magnesium.

Paragraph 302(o) provides for "All alloys used in the manufacture of steel or iron" and paragraph 302(q) provides for "cerium alloys." In none of these instances is chief value a test for classification.

Likewise, paragraph 302(r) enumerates "* * * ductile nonferrous alloys of tantalum metal, or of columbium or niobium metal," without other words of qualification.

Further light upon the interpretation of paragraph 375 derives from the fact that previous tariff acts, notably, paragraph 172 of the Tariff Act of 1909 and paragraph 143 of the Tariff Act of 1913, provided, *inter alia*, for magnesium "and alloys of which said metals are the component material of chief value." With the enactment of the Tariff Act of 1922, paragraph 375 provided for magnesium alloys and other products of magnesium, without regard to chief value. Said paragraph 375 was reenacted verbatim in the act of 1930.

The removal of chief value as a test for classifying magnesium alloys may not be overlooked as an error of draftmanship. On the contrary, it must be regarded as a deliberate change of language by the Congress, in order to give wider scope to the provisions of paragraph 375. It brings into focus the established principle that a change of legislative language usually implies an intent on the part of Congress to effect a change of meaning. *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T.D. 41022. The *Post* case was cited with approval in *August Bentkamp* v. *United States*, 40 CCPA 70, C.A.D. 500, from which we quote the following:

> Ordinarily, where the essential word that supports a construction contended for appeared in an earlier act and has been omitted in a subsequent one by Congress, the omitted word may not be restored in the terms of the law by judicial construction. *United States* v. *Marsching*, 1 Ct. Cust. Appls. 216, T.D. 31257. Such a change of legislative language is presumed to evidence an intent on the part of Congress to effect a change in meaning. *United States* v. *Post Fish Co.*, 13 Ct. Cust. Appls. 155, T.D. 41022. * * *

It is clear from the language of paragraph 375 that Congress was concerned primarily with an imposition of duty upon the magnesium content of the products enumerated therein. The compound rate of

duty provided is not only a specific duty on the magnesium content but also upon its value. As stated in the brief of plaintiff—

\* \* \* Congress recognized that the magnesium content of the alloys or other manufacturers therein provided for, would vary. The higher the content the higher the duty. By the same token, the higher the value of the magnesium, the higher the amount of ad valorem duty.

An examination of the context of paragraph 375, in the light of statutes *in paria materia*, clearly indicates that Congress deliberately removed from paragraph 375 the element of chief value as a test for classification of magnesium alloys. We are of the opinion, therefore, that the subject merchandise is properly classifiable in said paragraph 375, as modified.

The only case cited by the Government, which it deems controlling herein, is *United States* v. *Nassau Smelting & Refining Works, Ltd.*, 17 CCPA 382, T.D. 43821. That case differs so much in its factual and legal aspects from the case before us that it is deemed clearly distinguishable.

For the reasons above stated, we find and hold that the importation in controversy is a magnesium alloy within the meaning of paragraph 375, as modified, *supra*, and dutiable at the rate of 20 cents per pound on the magnesium content and 10 per centum ad valorem, as claimed by the importer. The protest is sustained and judgment will issue in accordance with the views above expressed.