**Slip Op. 00-51**

## UNITED STATES COURT OF INTERNATIONAL TRADE

_____

SARNE HANDBAGS CORP.,    :

    :

      Plaintiff,    :

    :

    v.    :    **Consolidated Court No. 97-06-00959-S**

    :    **BEFORE: CARMAN, CHIEF JUDGE**

UNITED STATES,    :

    :

      Defendant.    :

_____:

Defendant, United States, moves for summary judgment pursuant to U.S. CIT R. 56(b), contending it is entitled to judgment as a matter of law because the United States Customs Service (Customs) properly classified the merchandise at issue, handbags, under subheading 4202.22.15, Harmonized Tariff Schedule of the United States (HTSUS), as "Handbags . . . With outer surface of sheeting of plastic," dutiable at a rate of 19.2% *ad valorem*.

Plaintiff, Sarne Handbags Corp., opposes defendant's motion and cross-moves for summary judgment pursuant to U.S. CIT R. 56(a), contending it is entitled to judgment as a matter of law because Customs improperly classified the merchandise at issue under subheading 4202.22.15, HTSUS. Plaintiff argues the imported merchandise should have been classified under subheading 3926.90.98, HTSUS, as "Other articles of plastics . . . Other: . . . Other," dutiable at a rate of 5.3% *ad valorem*.

*Held*: The Court finds there are no genuine issues of material fact and summary judgment is appropriate. The Court holds Customs correctly classified the merchandise at issue. Defendant's motion for summary judgment is granted, and plaintiff's cross-motion for summary judgment is denied.

Date: May 5, 2000

*Serko & Simon LLP* (*Joel K. Simon* and *Jerome L. Hanifin*), New York, New York, for plaintiff.

*David W. Ogden*, Acting Assistant Attorney General of the United States; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Barbara M. Epstein*); *Beth C. Brotman*, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for defendant.

**OPINION**

CARMAN, CHIEF JUDGE: Defendant, United States, moves for summary judgment

pursuant to U.S. CIT R. 56(b), contending it is entitled to judgment as a matter of law because

the United States Customs Service (Customs) properly classified the merchandise at issue under

subheading 4202.22.15, Harmonized Tariff Schedule of the United States (HTSUS)[1], as

"Handbags . . . With outer surface of sheeting of plastic," dutiable at a rate of 19.2% *ad valorem*.

Plaintiff, Sarne Handbags Corp. (Sarne), opposes defendant's motion and cross-moves for

summary judgment pursuant to U.S. CIT R. 56(a), contending it is entitled to judgment as a

matter of law because Customs improperly classified the merchandise at issue under subheading

4202.22.15, HTSUS.  Plaintiff argues the imported merchandise should have been classified

under subheading 3926.90.98, HTSUS[2], as "Other articles of plastics . . . Other: . . . Other,"

---

[1] Subheading 4202.22.15, Harmonized Tariff Schedule of the United States (HTSUS), states, in relevant part:

| 4202 | Trunks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper (con.): | |
|---|---|---|
| | Handbags, whether or not with shoulder strap, including those without handle: | |
| | *      *      * | |
| 4202.22 | With outer surface of sheeting of plastic or of textile materials: | |
| | *      *      * | |
| 4202.22.15 | With outer surface of sheeting of plastic | 19.2% |

[2] Subheading 3926.90.98, HTSUS, states, in relevant part:

dutiable at a rate of 5.3% *ad valorem*. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

BACKGROUND

Plaintiff is the importer of the merchandise at issue in this case. Plaintiff exported the merchandise from Hong Kong on August 3, 1996, and entered it at the Port of Long Beach on August 19, 1996.

The following material facts are not in dispute: The merchandise at issue consists of "handbags, style no. S/2061T-BR, invoiced as '100% PVC handbag,' represented by Defendant's Exhibit [] A." (Defendant's Statement of Material Facts Not In Issue at ¶ 2.) "The material comprising the outer surface of the handbag consists of a plastic material ["PVC"] which covers a textile material," (*id.* at ¶ 7), and the "outer surface of the handbag is that part of the surface of the bag which is seen by the user/consumer." (*Id.* at ¶ 17.) Furthermore, "[t]he plastic/textile material [] is in the form of a 'sheet' and/or 'sheeting' in the handbag at issue." (*Id.* at ¶ 9.) This plastic/textile material (Material) is a "broad, relatively thin surface layer or covering" with "a thickness greater than 10 mil." (*Id.* at ¶¶ 12, 13.) "For the purposes of this action, the parties agree . . . the terms, 'sheeting of plastic,' and 'plastic sheeting' may be used interchangeably," and "the terms 'plastic' and 'plastics' may be used interchangeably." (*Id.* at

| | | |
|---|---|---|
| 3926 | Other articles of plastics and articles of other materials of headings 3901 to 3914: | |
| | * * * | |
| 3926.90 | Other: | |
| | * * * | |
| 3926.90.98 | Other | 5.3% |

¶¶ 10, 11.)

Customs classified the merchandise at issue under subheading 4202.22.15, HTSUS, as "Handbags . . . With an outer surface of sheeting of plastic." Plaintiff timely protested Customs' classification of the merchandise and after paying all liquidated duties due, timely commenced this action.

CONTENTIONS OF THE PARTIES

A.     *Plaintiff*

Plaintiff, Sarne, contends no genuine issues of material fact exist, and it is entitled to judgment as a matter of law. Plaintiff argues Customs improperly classified the merchandise under subheading 4202.22.15, HTSUS, as "Handbags . . . With an outer surface of sheeting of plastic." Plaintiff asserts this classification is improper because the merchandise is not *prima facie* classifiable under heading 4202, HTSUS, as "handbags . . . of sheeting of plastics . . . wholly or mainly covered with such materials," because the meaning of "sheeting of plastics" precludes such a finding.

Plaintiff argues that because neither the statute, nor the Harmonized Commodity Description and Coding System Explanatory Notes, nor the legislative history of the statute defines the phrase "sheeting of plastics," the Court must turn to the common meaning of the phrase. Plaintiff states the common meaning is "plastic in the form of continuous film (10 mils or greater in thickness)." (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment (PSJ)

at 12.) Because the Material is more than mere plastic and the plastic component was never a sheeting, plaintiff contends the common meaning of "sheeting of plastics" excludes the merchandise at issue.

Plaintiff argues the Material is not "sheeting of plastics," but rather is "synthetic leather" which is a composite material of plastic coated to a textile substrate. Plaintiff contends the plastics, synthetic leather and handbag industries recognized the Material as "synthetic leather" in 1988, the year the HTSUS was enacted.[3] The Material, according to plaintiff, is "a unique, unitary material which provides functionality beyond that which is achievable by the combination of a plastic sheet with a textile." (Plaintiff's Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment at 13.) Furthermore, "[t]he composite plastic/textile material at issue in this case will not separate into a plastic sheet and a textile as will often happen with a laminated plastic sheet and textiles." (*Id.*)

Plaintiff also contends the processes for manufacturing "sheeting of plastics" and "synthetic leather" are recognized in the industry as being significantly different. Plaintiff claims when manufacturing "synthetic leather" the plastic component, known as a "melt," is heated to 170-180EC until it is a viscous, thick liquid which is then applied to the textile component. According to plaintiff, the "melt" takes the shape of the vessel in or on which it is placed, and if not coated onto fabric, it becomes a plastic sheet. The process for manufacturing "sheeting of plastics," according to plaintiff, is different from the one described above.

---

[3] Plaintiff seems to be making an argument based on the commercial meaning of the terms "sheeting of plastics" and "synthetic leather."

Because the Material comprising the merchandise at issue is not, and never was, a "sheeting of plastics," plaintiff argues the merchandise cannot be classified under heading 4202, HTSUS. Contrary to defendant's arguments, plaintiff contends Chapter 42, Additional United States Note 2 (U.S. Note 2)[4] is inapplicable because U.S. Note 2 only addresses subheadings within heading 4202, HTSUS, and the General Rules of Interpretation (GRI) require classification to be determined according to heading first, then subheading.[5] Even if U.S. Note 2 were applicable, however, plaintiff claims it still would not help defendant because U.S. Note 2 does not define "sheeting of plastics."

Plaintiff argues the Government's alternative method for achieving *prima facie* classifiability under heading 4202, HTSUS, by characterizing the merchandise at issue as

---

[4] Chapter 42, Additional United States Note 2 (U.S. Note 2) states:

For purposes of classifying articles under subheadings 4202.12, 4202.22, 4202.32, and 4202.92, articles of textile fabric impregnated, coated, covered or laminated with plastics (whether compact or cellular) shall be regarded as having an outer surface of textile material or of plastic sheeting, depending upon whether and the extent to which the textile constituent or the plastic constituent makes up the exterior surface of the article.

[5] According to plaintiff, U.S. Note 2's sole purpose is to combat Customs Headquarters Ruling 082803, and prevent articles of Heading 4202 with an outer surface of plastic sheeting combined with textiles from being classified as textiles. *See* United States Customs Service Headquarters Ruling Letter No. 082803, at 6 (Dec. 27, 1988) (holding "an article consisting of a textile fabric which is coated, covered, or laminated on one surface with a compact plastics material would not have an outer surface 'of plastic sheeting' because that material is classifiable in Chapter 56 or 59"); *see also*, Memorandum to the Committee on Ways and Means of the United States House of Representatives on H.R. 1900, 101st Congress, A Bill to Add an Additional U.S. Note to Chapter 42 of the Harmonized Tariff Schedule of the United States (ITC Memo), in Defendant's Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Def. Opp.), Exhibit K, at 2-3 (lending support to plaintiff's reading of the legislative history). *But see* Note 1(l), Section XI, HTSUS (specifically precluding handbags of heading 4202, HTSUS, with textile, plastic sheeting combinations from being classified as textiles).

"handbags . . . with outer surface of textile materials" is also incorrect because the outer surface

of the merchandise is plastic.  Furthermore, plaintiff contends defendant's arguments for

classification under heading 4202, HTSUS, based on the Tariff Schedule of the United States'

(TSUS) prior treatment of handbags is mistaken because the classification of handbags changed

significantly in the HTSUS.[6]  Finally, plaintiff argues summary judgment for defendant is

precluded because the Court "must make a factual determination as to whether the common

meaning of 'sheeting of plastics' is different from its commercial meaning.  In addition, the

Court must determine if the material of which the handbags are constructed is composed of, or

contains, sheeting of plastics."[7]  (PSJ at 29.)

---

[6] Plaintiff asserts that from 1981 until the adoption of the HTSUS, all handbags of plastic were classified under a single provision, 706.62, Tariff Schedule of the United States.

[7] The Court notes commercial meaning becomes a material question of fact only when, among other factors, the party asserting the Court should consider commercial meaning of a phrase contends it is different from the phrase's common meaning.  *See Winter-Wolff, Inc. v. United States*, 996 F. Supp. 1258, 1261 (CIT 1998).  The Court also notes plaintiff has failed to make such an assertion.  Moreover, the Court notes plaintiff asserted at oral argument that the common and commercial meanings of "sheeting of plastics" are the same.

> The Court:   [I]s it your client's position that the common meaning and the commercial meaning [of "sheeting of plastics"] are the same?
> Mr. Simon:   Yes.
> The Court:   So that you don't maintain a difference between the two of them.
> Mr. Simon:   No - -
> The Court:   So that really I don't have any factual determination, as set forth on Page 29 of your brief, that I have to make.
> Mr. Simon:   No, you don't, Your Honor.

(Oral Argument at 31-32.)  Because plaintiff fails to assert facts that would require the Court to consider the material, factual differences between the common and commercial meanings of "sheeting of plastics" which would preclude summary judgment, such analysis is unnecessary. Accordingly, summary judgment relief is not precluded.

Plaintiff argues the merchandise at issue should be classified under the basket provision for plastics, subheading 3926.90.98, HTSUS, as "articles of plastics." Subheading 3926.90.98, HTSUS, is appropriate, Sarne argues, because the merchandise at issue is composed of plastics, and it is not classifiable under any other *eo nomine* provision providing for the classification of handbags.[8] Therefore, classification in a basket provision for articles of plastic would be correct.

B.     *Defendant*

Defendant, United States, moves for summary judgment arguing there are no genuine issues of material fact in this matter, and Customs properly classified the merchandise at issue under subheading 4202.22.15, HTSUS, as "Handbags . . . With outer surface of sheeting of plastic." The Court need not go beyond the plain meaning of the statute, according to defendant, because the phrase "sheeting of plastic," as explained by U.S. Note 2, includes the merchandise at issue. According to defendant, U.S. Note 2 requires all handbags made with an outer surface of "textile fabric impregnated, coated, covered or laminated with plastics (whether compact or cellular)" to be classified under subheading 4202.22, HTSUS, as handbags with an outer surface of "sheeting of plastic." Defendant contends plaintiff's claim that U.S. Note 2 is inapplicable is erroneous because to assert U.S. Note 2 refers to the definition of "sheeting of plastic" in the subheadings and not in the heading would be to fix a broader definition of a phrase in the

---

[8] Two other provisions to which plaintiff points are: subheading 4602.10.29, HTSUS, "Basketwork, wickerwork and other articles, made directly to shape from plaiting materials . . . Handbags," and subheading 3926.90.33, HTSUS, "Other articles of plastics . . . Beads, bugles, and spangles . . . articles thereof . . . Handbags." Plaintiff points to a number of Customs Headquarters Rulings and New York Rulings for the proposition that handbags not classifiable under any specific provision should be classified under the basket provision for the material which makes up the outer surface of the bag.

subheading than in the heading. Such a result would be in conflict with Congressional intent that

headings encompass subheadings in the statute. The definition of "sheeting of plastics" in

heading 4202, HTSUS, therefore, must encompass textile materials covered by plastics in order

to give effect to the subheading which is undisputably subject to U.S. Note 2.

Defendant further argues while no analysis of legislative history is necessary, the

legislative history supports its contention that Congress intended the duty rate for handbags to

remain the same after the conversion from the TSUS to the HTSUS. Defendant cites to the

debate among members on the Harmonized System Committee[9] and the International Trade

Commission's report to Congress[10] as proof that there was no intent to exclude handbags with an

outer surface of flexible plastic from heading 4202, HTSUS. Defendant also cites to an opinion

of the Harmonized System Committee,[11] as proof that classification under heading 4202,

---

[9] *See* Summary Record of the 15th Session of the Harmonized System Committee (HSC), Doc. 24.103, at 2 (March 15, 1978), in Def. Opp., Exhibit J; Summary Record of the 15th Session of the HSC, Doc. 24.126, at III/1 (April 20, 1978), in Def. Opp., Exhibit J; Summary Record of the 17th Session of the HSC and its Working Party, Doc. 24.980, at V/58 (March 23, 1979), in Def. Opp., Exhibit J; Report of the Nomenclature Committee, Doc. 25.108, at 2 (June 19, 1979), in Def. Opp., Exhibit J; Report to the Customs Co-Operation Council on the Fifth Session of the Interim HSC, Doc. 32.901, at D/32/Rev. (October 5, 1985), in Def. Opp., Exhibit J. Country comments during the course of the preparation of the Harmonized Tariff Schedules are "fragments" of legislative history. *See Carl Zeiss, Inc. v. United States*, 16 F. Supp. 2d 1097, 1101 (CIT 1998). While defendant cites to these authorities to indicate there was no intention to exclude handbags with an outer surface of plastic from heading 4202, HTSUS, the Court notes they do not define the phrase "sheeting of plastic" nor do they clearly indicate why that phrase was adopted as opposed to other proposed alternatives. *See infra* note 16.

[10] *See supra* note 5.

[11] *See* Classification of "Gamma Grip" and "Gamma Hi-Tech," HSC, 16th Sess., Doc 39.646, at ¶¶ 6-8 (August 28, 1995) (Gamma Grip), in Def. Opp., Exhibit N. HSC opinions "are given the same weight as the international Explanatory Notes in interpreting HTSUS and are therefore instructive but not binding." *Verosol USA, Inc. v. United States*, 20 CIT 1251, 1252,

HTSUS, does not depend upon the manner in which the plastics are applied. Furthermore, even if U.S. Note 2 does not apply in the case at hand, defendant argues the common meaning of the term "sheeting of plastics" encompasses the merchandise, making it *prima facie* classifiable under heading 4202, HTSUS. Finally, defendant asserts that even if the merchandise cannot be classified under heading 4202, HTSUS, as "handbags . . . of sheeting of plastics" it still can be classified under heading 4202, HTSUS, as "handbags . . . of textile materials."[12]

Defendant attacks several of plaintiff's arguments against Customs' classification as meritless. First, defendant asserts plaintiff's arguments based on commercial meaning are in error. Defendant understands plaintiff to assert the Material is not within the commercial meaning of "sheeting of plastics." This assertion is inapplicable, defendant argues, because plaintiff has not acknowledged a difference between the common and commercial meaning of "sheeting of plastics." As a result, plaintiff has not rebutted the presumption that the common and commercial meanings are the same. Second, defendant disputes plaintiff's contention there is a legal requirement a "sheeting of plastics" be a solid sheet prior to its initial contact with the textile in order to be classified under heading 4202, HTSUS. Because heading 4202, HTSUS, uses the word "of" in lieu of "made/manufactured/composed of" prior to the phrase "sheeting of plastics," defendant argues whether the "sheeting of plastics" existed as a separate component prior to being part of the merchandise at issue is irrelevant. Third, defendant contests what it

---

941 F. Supp. 139, 140 (1996). *See infra* note 19.

[12] Customs' classification is still correct under this argument because once the merchandise is determined to be *prima facie* classifiable under heading 4202, HTSUS, U.S. Note 2 will require classification under subheading 4202.22.15, HTSUS, because the parties have stipulated that the outer surface of the handbag is of plastic.

characterizes as plaintiff's use of the "more than" doctrine[13] to argue that the presence of textile in the Material makes it more than a "sheeting of plastics" and therefore unclassifiable under heading 4202, HTSUS.  Defendant argues the phrase "sheeting of plastics" is broad enough to include plastic sheeting laminated to a textile substrate, the kind of material used here.

Finally, defendant disputes plaintiff's proposed classification, arguing plaintiff has supplied no valid support for classifying the merchandise at issue under subheading 3926.90.98, HTSUS.   Defendant argues plaintiff's proposal is incorrect for three reasons.  First, as the merchandise is *prima facie* classifiable under heading 4202, HTSUS, Chapter 39, Note 2 (ij)[14] precludes classification of the merchandise under that chapter.  Second, even if the merchandise were *prima facie* classifiable under both defendant's and plaintiff's proposals, the defendant's classification is preferred because it is more specific.[15]  Third, plaintiff's "more than" doctrine argument undermines plaintiff's proposed classification.  This is so because if the presence of a textile substrate makes the merchandise at issue "more than" a "sheeting of plastic" for the

---

[13] The "more than" doctrine holds that when "goods constitute more than a particular article because they possess additional significant features or perform additional nonsubordinate functions[,] they are not classifiable" under the heading for that article.  *Avenues in Leather, Inc. v. United States,* 11 F. Supp. 2d 719, 726 (CIT 1998) (citing *Digital Equip. Corp. v. United States*, 889 F.2d 267, 268 (Fed. Cir. 1989)).

[14] While defendant cites to Chapter 39, Note 2(h), it appears defendant meant to cite to Chapter 39, Note 2(ij).  Chapter 39, Note 2(ij) states in relevant part: "This chapter does not cover . . . saddlery or harness (heading 4201) or trunks, suitcases, handbags or other containers of heading 4202."

[15] Defendant appears to base its argument on General Rule of Interpretation (GRI) 3(a), HTSUS, which states in relevant part: "When . . . goods are, *prima facie*, classifiable under two or more headings . . . [t]he heading which provides the most specific description shall be preferred."

purposes of heading 4202, HTSUS, the presence of a textile substrate should also make the

merchandise "more than" an "article of plastic" for the purposes of heading 3926, HTSUS.

STANDARD OF REVIEW

This case is before the Court on defendant's motion and plaintiff's cross-motion for

summary judgment. "[S]ummary judgment is appropriate when there is no genuine dispute as to

the underlying factual issue of exactly what the merchandise is." *Bausch & Lomb, Inc. v. United*

*States*, 148 F.3d 1363, 1365 (Fed. Cir. 1998); *see also* U.S. CIT R. 56(d). When deciding

summary judgment motions in classification cases

> the court construes the relevant (competing) classification headings, a question of law;
> determines what the merchandise at issue is, a question of fact; and then, if there is no
> genuine dispute over the nature of the merchandise, adjudges on summary judgment the
> proper classification under which [the merchandise] falls, the ultimate question in every
> classification case and one that has always been treated as a question of law.

*Bausch & Lomb*, 148 F.3d at 1366.

In this case, Customs has not promulgated any regulations interpreting the relevant

headings or subheadings; therefore, the Court conducts *de novo* review based on the record

before it pursuant to 28 U.S.C. § 2640(a)(2) (1994). *See Carl Zeiss, Inc. v. United States*, 195

F.3d 1375, 1378 (Fed. Cir. 1999) (citing *Mead Corp. v. United States*, 185 F.3d 1304, 1307 (Fed.

Cir. 1999)); *Amity Leather Co. v. United States*, 20 CIT 1049, 1052, 939 F. Supp. 891, 894

(1996). Furthermore, since the question before the court is a legal one, the statutory presumption

of correctness afforded Customs, *see* 28 U.S.C. § 2639(a)(1) (1994), carries no force. *See*

*Universal Elecs. Inc. v. United States*, 112 F.3d 488, 492 (Fed. Cir. 1997). Finally, this Court's

precedent dictates it "must consider whether the government's classification is correct, both

independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984).


DISCUSSION

The Court finds summary judgment is appropriate because there are no genuine issues of material fact in dispute.  Therefore, the sole issue remaining in this case is the proper classification of the merchandise at issue.  *See JVC Co. of Am. v. United States*, 62 F. Supp. 2d 1132, 1136 (CIT 1999).


A.      *Scope of Heading 4202, HTSUS, Handbags "of sheeting of plastics"*

"The HTSUS General Rules of Interpretation (GRI) and the Additional U.S. Rules of Interpretation (U.S. GRI) govern the proper classification of all merchandise and are applied in numerical order." *Zeiss,* 195 F.3d at 1379.  Under GRI 1, "classification shall be determined according to the terms of the headings and any relative section or chapter notes."  GRI 1, HTSUS (1996).  The section and chapter notes form an integral part of the HTSUS and have the same legal force as the text of the headings.  *See Trans-Border Customs Servs., Inc. v. United States*, 18 CIT 22, 25, 843 F. Supp. 1482, 1486 (1994).  "The function of the Notes is to define the precise scope of each heading, subheading, chapter, subchapter, and section." *Id.*


If Congress has clearly stated its intent in the language of the statute, the Court should not inquire further into the meaning of the statute or engage in common-meaning inquiry because the statutory definition is controlling.  *See Pillowtex Corp. v. United States*, 171 F.3d 1370, 1373 (Fed. Cir. 1999); *Lonza, Inc. v. United States*, 46 F.3d 1098, 1106 (Fed. Cir. 1995). "The court's

determination of congressional intent in the tariff schedules requires reading all parts of the

statute together, including the relevant headnotes, which are the primary source for ascertaining

such intent." *Trans-Border Customs Servs.,* 843 F. Supp. at 1486.

"When a tariff term is not defined in the HTSUS or its legislative history, the term's

correct meaning is its common meaning." *Pillowtex*, 171 F.3d at 1374. To determine the

common meaning of a tariff term, a court may consult dictionaries, lexicons, the testimony in the

record, and other reliable sources of information. *See JVC*, 62 F. Supp. 2d at 1137. A term's

common and commercial meanings are presumed to be the same. *See Zeiss*, 195 F.3d at 1379.

"The party who argues that the term 'should not be given its common or dictionary meaning

must prove that there is a different commercial meaning in existence.'" *Winter-Wolff, Inc. v.*

*United States*, 996 F. Supp. 1258, 1261 (CIT 1998) (quoting *Rohm & Haas Co. v. United States*,

727 F.2d 1095, 1097 (Fed. Cir. 1984).

The Court finds the statute does not define the phrase at issue, handbags "of sheeting of

plastics." Additionally, the Court finds the legislative history fails to provide any guidance

regarding the proper interpretation of the phrase as used in heading 4202, HTSUS.[16] Therefore,

---

[16] There is no definition of the phrase handbags "of sheeting of plastics" in the legislative history. *See* H.R. CONF. REP. NO. 100-576 (1988). The ITC Memo discussed by the parties is irrelevant because the language of the sponsor's original bill was not adopted by Congress, and the memo fails to provide any rationale for the language adopted in U.S. Note 2 aside from noting, rather cryptically, that as phrased, it is consistent with the United States' treaty obligations. Furthermore, the various country comments proffered by defendant are unenlightening because they fail to define the phrase "sheeting of plastics" and do not explain why the phrase was eventually adopted. The only pertinent legislative history to heading 4202, HTSUS, of which the Court is aware concerns U.S. Note 2. The Court notes U.S. Note 2 does not assist the Court in determining the meaning of heading 4202, HTSUS, but rather applies only to goods already classified under heading 4202, HTSUS. *See* H. R. CONF. REP. NO. 101-650

the Court must determine the common meaning of the phrase "of sheeting of plastics."[17]  *See*

*Pillowtex*, 171 F.3d at 1374.

     The Court derives the common meaning of the phrase by determining the meaning of

each of its constituent words.  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY

(WEBSTER'S) (1986) defines "sheeting," in relevant part, as "1 : material in the form of sheets or

suitable for forming into sheets : as . . . b : material (as a plastic) in the form of a continuous film

. . . ." *Id.* at 2092.  WEBSTER'S defines "sheet," in relevant part, as  "3 a : a broad stretch or

surface of something that is usu. thin in comparison to its length and breadth . . . ." *Id.* at 2091.

WEBSTER'S defines "film" as "2 b : a thin covering or coating or veil." *Id.* at 850.  The OXFORD

ENGLISH DICTIONARY (2d Ed. 1989) defines "sheet" as "9. a. A relatively thin piece of

considerable breadth *of* a malleable, ductile, or pliable substance." *Id.* at 224.  Based on the

above definitions, the Court finds "sheeting" is material in the form of or suitable for forming

into a broad surface of something that is unusually thin, or is a material in the form of a

continuous thin covering or coating.

     WEBSTER'S (1986) defines "plastic" as "3 a (1) : a substance that at some stage in its

manufacture or processing can be shaped by flow . . . and that can retain the new solid often rigid

shape under conditions of use."[18]  *Id.* at 1733.  Finally, the Court finds the use of the word "of"

_____

(1990).

     [17] *See supra* note 7.

     [18] The Court notes that the statute similarly defines "plastics:"

prior to the words "sheeting of plastics" indicates that whether the "sheeting of plastics" existed

as a separate component prior to being part of the "handbag" is irrelevant.[19]  *See Jacques Isler*

*Corp. v. United States*, 433 F.2d 1399, 1401-02 (C.C.P.A. 1970).  Indeed, absent a provision to

the contrary goods are classified in their condition as imported.  *See Heartland By-Products, Inc.*

*v. United States*, 74 F. Supp. 2d 1324, 1341 (CIT 1999) (citing *Worthington v. Robbins*, 139 U.S.

337, 341 (1891)).


B.      *Merchandise at Issue Properly Classified Under Subheading 4202.22.15, HTSUS,*
        *"Handbags . . . With outer surface of sheeting of plastic"*

        The Court finds the merchandise as identified by the parties in their stipulations falls

within heading 4202, HTSUS, and therefore is correctly classified under heading 4202, HTSUS.

The parties stipulate the merchandise is a "handbag" whose "outer surface" contains a "plastic"

(or "plastics") component that is exposed, entirely "covers" a textile component, and is relatively

thin in comparison to its breadth.  Therefore, the only word in the heading whose application to

the merchandise at issue is seemingly unclear is "sheeting."   As discussed above, the common

---

> Throughout this tariff schedule the expression "<u>plastics</u>" means those materials of
> heading 3901 to 3914 which are or have been capable, either at the moment of
> polymerization or at some subsequent stage of being formed under external
> influence (usually heat and pressure, if necessary with a solvent or plasticizer) by
> molding, casting, extruding, rolling or other process into shapes which are
> retained on the removal of the external influence.

Chapter 39, Note 1, HTSUS.

[19] The Gamma Grip opinion supports this interpretation.  In Gamma Grip the Secretariat
argued there should be no distinction for merchandise composed of plastic between
"coated/impregnated products (application of a liquid product) and covered/laminated products
(pre-existing sheets)" and consequently, "whether or not the sheet is pre-existing" does not affect
classification of products "presented in the form of a sheet."  *See* Gamma Grip, *supra* note 11, at
¶¶ 6 - 8.

meaning of "sheeting" is material in the form of or suitable for forming into a broad surface of something that is unusually thin, or is a material in the form of a continuous thin covering or coating. Based on this definition and the parties' stipulations, the Court finds the merchandise is correctly classified under heading 4202, HTSUS, "handbags . . . of sheeting of plastics."

U.S. Note 2 provides support for the Court's conclusion. While U.S. Note 2 relates only to specific subheadings within heading 4202, HTSUS, and therefore, is not binding for determining *prima facie* classifiability under heading 4202, HTSUS, it is persuasive as to what Congress intended the phrase "sheeting of plastics" to mean in the context of the statute as a whole. *Cf. Productol Chem. Co. v. United States*, 74 Cust. Ct. 138, 151 (1975) (when the same word or phrase is used in different parts of the same statute it will be presumed to have the same meaning, unless a contrary intent is indicated). Thus, it appears when "textile fabric [is] impregnated, coated, covered, or laminated with plastics" and "the plastic constituent makes up the exterior surface of the article," Congress intended the material on the outer surface of the merchandise to be considered a "sheeting of plastics." *See* U.S. Note 2.

Plaintiff's counter-argument that the "plastic/textile material" is a unitary substance and thus cannot be considered a "sheeting of plastics" is unconvincing. Under GRI 2(b),[20] "[a]ny reference in a heading to a material or substance shall be taken to include a reference to mixtures or combinations of that material or substance with other materials or substances." GRI 2(b), HTSUS. Handbags "of sheeting of plastics" can thus be taken to include reference to handbags

---

[20] GRI 2(a) is inapplicable as no party asserts that the merchandise at issue is incomplete, unfinished, unassembled, or disassembled.

"of sheeting" of a combination "plastic/textile material."   Consequently, the merchandise is

*prima facie* classifiable under heading 4202, HTSUS.  If merchandise is *prima facie* classifiable

under heading 4202, HTSUS, it is precluded from classification as a textile, *see* Section XI, Note

1(l), HTSUS[21], and from classification as an item of plastic. *See* Chapter 39, Note 2(ij).[22]

Therefore, plaintiff's proposed alterative classification under subheading 3926.90.98, HTSUS, as

"Other articles of plastics . . . Other: . . . Other," is incorrect.  Because the parties have not

suggested, nor has the Court found, any other potential headings under which the merchandise

may fall, the Court, under GRI 2(b), considers the combination "plastic/textile material" of which

the merchandise at issue is composed to be "sheeting of plastics" under heading 4202, HTSUS.


    In addition to finding the merchandise is correctly classified under heading 4202,

HTSUS, the Court finds Customs correctly classified the merchandise under subheading

4202.22.15, HTSUS.  U.S. Note 2 instructs, for the purpose of determining whether merchandise

is properly classified under subheading 4202.22, HTSUS, merchandise composed of textile

covered with plastic on the exposed surface of the merchandise is considered as having an outer

surface of plastic sheeting.  Since the parties have stipulated the material comprising the outer

surface of the handbag consists of a plastic material on the exterior surface of the bag which

covers a textile material, and there are no alternative subheadings the Court finds appropriate, the

Court finds the merchandise is correctly classified under subheading 4202.22, HTSUS, as

"Handbags . . . With outer surface of sheeting of plastic."  For the reasons stated above and

---

[21] Section XI, Note 1(l), HTSUS, states, in relevant part, "This section does not cover . . . [a]rticles of textile materials of heading 4201 or 4202."

[22] *See supra* note 14.

because the relevant phrase in subheading 4202.22.15, HTSUS, is identical to that in subheading

4202.22, HTSUS, the Court finds Customs' classification of the merchandise under subheading

4202.22.15, HTSUS, as "Handbags . . . With outer surface of sheeting of plastic," is correct both

independently and in comparison with the importer's alternative.

CONCLUSION

For the reasons stated above, the Court finds Customs correctly classified the

merchandise at issue under subheading 4202.15.22, HTSUS, as "Handbags . . . With outer

surface of sheeting of plastic."  Consequentially, defendant's motion for summary judgment is

granted, and plaintiff's cross-motion for summary judgment is denied.


_____
Gregory W. Carman
Chief Judge

Dated: May 5, 2000
      New York, NY